Appellant Oliver was involved in an automobile accident with Eugene Sawyer on December 6, 1976. Sawyer filed suit against Oliver on March 2, 1977, alleging negligence and wanton misconduct. The defendant failed to file an answer or make an appearance within thirty days as required by Rule 12, ARCP. Sawyer moved for a default judgment. On April 19, 1977, the trial court granted Sawyer's motion for default judgment and, after hearing testimony ore tenus, awarded Sawyer $50,000 in damages.
Within thirty days of the entry of default, on May 17, 1977, Oliver filed a motion to set aside the default under Rule 55 (c), ARCP, and for relief from judgment under Rule 60 (b), ARCP, which reads in part:
 "On motion and upon such terms as are just, the court may relieve a party . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ."
Oliver's motion was accompanied by his affidavit stating that he was approximately eighty years of age, had no formal education, and could neither read nor write. The affidavit goes on to outline several attempts by Oliver to notify his insurer, Main Insurance Company of Chicago, Illinois, of the accident and the pending action and to have Main fulfill its contractual obligation to defend the action. Main did not respond to these attempts.
The motion was amended to include the affidavits of Richard L. Mathias, Director of Insurance for the State of Illinois, and Rex Ryan, an official of Main Insurance Company. These affidavits state, and the record shows, that the Circuit Court of Cook County, Illinois, issued an Order of Rehabilitation against Main on January 19, 1977. At that time, the Company's records were in a state of disorganization. Its southeastern clearinghouse, Eastern Underwriters, Inc., of Atlanta, Georgia, had returned all of Main's Alabama claim files to the home office in Chicago in late 1976. Under the Order of Rehabilitation, the Director of Insurance took possession of these files and ordered their identification and reorganization. This required some months to complete. As a consequence, no notice of this claim and the pending action was located or identified until after the default judgment. The motion alleged that these circumstances constituted excusable neglect under Rule 60 (b), ARCP.
Following a hearing, Oliver's motion was denied. A subsequent motion for new trial was also denied. He now appeals from the default judgment and the denial of his post judgment motions. We must now decide whether the trial court abused its discretion in refusing to set aside the default judgment for reasons of excusable neglect.
It is a primary principle of the Alabama Rules of Civil Procedure that the parties to an action should be afforded a prompt and fair trial upon the merits. It is because of this principle that default judgments are not favored, and, while the trial court has discretion to grant such judgments, we have frequently held that this exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment. *Page 370 Knight v. Davis, 356 So.2d 156 (Ala. 1978); Welch v. G.F.C.Credit Corp., 336 So.2d 1346 (Ala.Civ.App. 1976). The trial court is given the same discretionary power to set aside such judgments where good cause is shown under Rule 60 (b) and a meritorious defense is alleged. Holleman v. Elmwood CemeteryCorp., 295 Ala. 267, 327 So.2d 716 (1976); Taylor v. Taylor,49 Ala. App. 306, 271 So.2d 503 (1973); Rule 55 (c), ARCP.
The Federal courts have found in several cases that the neglect of an insurer, if excusable, is a sufficient ground for setting aside a default judgment against the insured. Medunicv. Ledener, 64 F.R.D. 403 (E.D.Penn. 1974); Trueblood v.Grayson Shops of Tennessee, Inc., 32 F.R.D. 190 (E.D.Va. 1963);Ellington v. Milne, 14 F.R.D. 241 (E.D.N.C. 1953). Several states have held that it is not improper to set aside a default judgment against the insured where the insurer's neglect consists of losing or misfiling suit papers and where prompt action is taken once the papers are located. Toon v. PickwickStages, Northern Div., Inc., 66 Cal.App. 450, 226 P. 628
(1924); Orange Transp. Co. v. Taylor, 71 Idaho 275,230 P.2d 689 (1951); Spencer v. American United Cab Asso.,59 Ill. App.2d 165, 208 N.E.2d 118 (1965);Edgar v. Armored Carrier Corp., 256 Iowa 700, 128 N.W.2d 922 (1964);Hinz v. Northland Milk Ice Cream Co., 237 Minn. 28,53 N.W.2d 454 (1952); Abrams v. Barnes, 16 A.D.2d 936,229 N.Y.S.2d 657 (1962); Parsons v. McCoy, 202 S.E.2d 632
(W.Va. 1974).
In the instant case, we recognize the fact that Oliver, as the named defendant, is primarily responsible for his case.Knight v. Davis, supra; Thompson v. Odom, 279 Ala. 211,184 So.2d 120 (1966). We further recognize that it was his responsibility to respond to the summons issued by the court and that one cannot discharge that responsibility by merely informing his insurer of the suit. However, because of the peculiar circumstances of this case: Oliver's advanced age and lack of education; his efforts to inform his insurer of the claim; the unusual circumstances of his insurer's status; we hold that it was not unreasonable for him to rely upon his insurer to perform its contractual obligation to defend him.
As for the neglect of Main in failing to file an answer or appear within the prescribed time, it is excusable only because of the unique circumstances which led to this failure on its part to respond. Main's neglect did not arise in the normal course of its business; it was the result of an involuntary corporate reorganization for the benefit of the policyholders. In Spencer v. American United Cab Asso., supra, the insured was involved in an automobile accident with the plaintiff. His insurer was defunct and had been taken over by a liquidator. The defendant insured forwarded the summons and complaint to the liquidator, whereupon the suit papers were misplaced and no answer was filed. The trial court entered a default judgment and denied the defendant insured's motion to set aside. In reversing the trial court, the Appellate Court of Illinois held that where a meritorious defense was shown, no prejudice was suffered by the plaintiff as a result of the delay, the defendant did not act with indifference to the plaintiff's claim but responded diligently upon discovery of the failure of the insurer, and the default was unnecessary to secure justice between the parties, the circumstances of the defendant's neglect in responding merited relief from the judgment. The reasoning of that case is persuasive here.
Oliver contends, as his defense in the action, that Sawyer's negligence was the cause of the accident. He should be allowed to try this question before a jury. There is no evidence that Sawyer will be prejudiced by an order vacating the default. The insurer acted promptly in filing a motion to set aside upon discovery of the summons and complaint. A delay of some two and one-half months between the filing of the complaint and the motion to set aside the default does not seem to be inordinate under the peculiar circumstances of this case.
For these reasons, the order of the trial court denying defendant's motion to set *Page 371 
aside the default judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.