These appeals are from a judgment denying a Rule 60(b), A.R.Civ.P., motion for relief from a default judgment against appellants Harvey and Johnny Johnson. Evelyn Moore filed suit against the Johnsons for breach of contract and misrepresentation arising from home improvements they had performed for her. She alleged substantial defects of workmanship in the improvements and repairs, including defective plumbing, which she said ruined the floor and subfloor in the kitchen and living room. Mrs. Moore alleged that she had paid the Johnsons $16,000 for the home improvements, and she claimed $11,350 in damages in order to cure the defects and repair the damage caused by those "improvements."
Mrs. Moore filed her complaint in the circuit court of Tallapoosa County in February of 1986, and process was served on both Harvey and Johnny a short time thereafter. The summons served on each of the Johnsons was defective under A.R.Civ.P. 4(a). It did not state that an answer must be filed within 30 days but instead left the time period blank. Neither Harvey nor Johnny filed an answer or motion in response within the required period.
On April 21 the court entered an order setting a hearing date for the purpose of taking testimony on damages. On May 21 the court entered an order granting Mrs. Moore an additional ten days to submit evidence of damages. On June 6 the court entered default judgment in the amount of $11,350 for Mrs. Moore. On July 15 the court issued an order requiring the appearance of the Johnsons for the discovery of assets pursuant to a motion filed by Mrs. Moore. Although the record is skeletal, it appears that the Johnsons received copies of the above orders by U.S. mail within a few days of filing. Johnny Johnson filed a motion to set aside the default judgment on August 7, 1986. Harvey Johnson filed a similar motion on August 11. On August 26 the court held a hearing to consider these two motions.
The motions filed by both Harvey and Johnny were styled as motions to set aside default, thus giving the appearance of being filed under A.R.Civ.P., Rule 55(c). For a Rule 55(c) motion to be effective, it must be filed within 30 days after the entry of judgment. Although neither Rule 55(c) nor Rule 60(b) was expressly invoked in the motions, the parties and the court appear to have considered the motions as 60(b) motions. Because no objection was made regarding the timeliness of the motions, either by the court or by opposing counsel, and because the judge allowed the Johnsons to orally amend the motions to include excusable neglect, we will consider them as 60(b) motions for relief from judgment.
Johnny Johnson gave testimony during the hearing in support of his claim that his failure to respond was justified by excusable neglect. It appears from the record that Johnny is illiterate. When he received the complaint and the various orders of the circuit court, he referred them to his brother Harvey, who could read. Harvey, who contracted the job with Mrs. Moore, assured Johnny that he would take care of the legal proceedings. Johnny explained that he worked on the job in question, but that he had been an hourly employee of Harvey and was not a party to the contract. Harvey Johnson, through his attorney, indicated that he was in fact the contractor and that Johnny was just an hourly worker. Harvey also indicated that he had personally received copies of all of the notices *Page 1345 
mentioned above, in addition to the copies served on his brother.
Following the hearing the court denied both motions for relief from judgment. The issue is whether, under the facts of this case, the trial court abused its discretion in refusing to relieve the parties from default judgment.
It is implicit in the Alabama Rules of Civil Procedure that default judgments are not favored. While it is certainly within the circuit court's discretion to deny relief from a default judgment, this Court has held that this discretion should weigh in favor of the defaulting party if there is doubt regarding the propriety of the judgment. Knight v.Davis, 356 So.2d 156 (Ala. 1978). See also Welch v.G.F.C. Credit Corp., 336 So.2d 1346 (Ala.Civ.App. 1976).
Johnny Johnson cites Oliver v. Sawyer,359 So.2d 368 (Ala. 1978), for the proposition that his failure to respond was justified by excusable neglect coupled with a meritorious defense. In Oliver, this Court set aside a default judgment against an illiterate 80-year-old man who had made several futile attempts to contact his insurer, which was being reorganized, and had failed to file a timely responsive pleading. In granting relief from the default judgment, the Court looked to the following factors:
 "[1] [Whether] a meritorious defense was shown, [2] no prejudice was suffered by the plaintiff as a result of the delay, [3] the defendant did not act with indifference to the plaintiff's claim but responded diligently upon discovery of the failure of the insurer, and [4] the default was unnecessary to secure justice between the parties."
Oliver, 359 So.2d at 370. See Illinois CentralGulf R.R. v. Horton, 514 So.2d 1283 (Ala. 1987).
We find this reasoning persuasive in regard to Johnny Johnson. He offered evidence at the hearing that he was not a party to the contract between Harvey and Mrs. Moore, but was merely an hourly employee. This was substantiated by Harvey's admission to being the contractor on the job. There is no evidence before this Court that Mrs. Moore has suffered any prejudice as a result of Johnny's delay. In his testimony during the hearing, Johnny indicated that he had brought each notice to Harvey, who assured him it would be taken care of. Only after service of the motion for discovery of assets did Harvey say he would not handle the affair. The testimony indicates that both Johnny and Harvey believed that Harvey, as contractor, would ultimately be liable for any damages. Upon his realization that Harvey was not going to handle the suit, Johnny sought legal advice and filed a motion for relief from judgment. Finally, the default judgment is not necessary to secure justice between the parties in this case. The circuit court expressed an opinion at the hearing that Harvey, and not Johnny, should be liable to Mrs. Moore for her damages.
Harvey Johnson, at the hearing below and in his brief, claims he likewise falls within the purview ofOliver. This argument is not supported by the facts, however. It appears that Harvey, rather than being diligent in the matter, ignored not only the complaint, but also every order and motion served on him. To compound matters, he assured his brother, Johnny, that he would handle the suit and received Johnny's copies of the papers as well. He alleges no meritorious defense on his behalf and has offered nothing to justify his delay. See Taylor v. Taylor,49 Ala. App. 306, 271 So.2d 503 (Ala.Civ.App. 1973). Although Harvey claims that the process was insufficient because of the omission to state the 30-day limit in the summons, this argument was not made below and therefore presents nothing for review. Furthermore he did not appear even after the service of subsequent orders that were issued by the court.
This Court therefore affirms the judgment as to Harvey Johnson, because he does not allege any meritorious defense or excusable neglect. We reverse the judgment as to Johnny Johnson for the reason stated above.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED. *Page 1346 
MADDOX, SHORES and ADAMS, JJ., concur.
BEATTY, J., concurs in the result.