KENNEDY, Justice.
This is an appeal from an order denying a Rule 60(b), A.R.Civ.P., motion for relief from a default judgment. The issue is whether the trial court abused its discretion in denying the motion. We affirm.
In May 1987, Spring Valley filed a complaint for a declaratory judgment against defendants National Union Fire Insurance Company (“National Union”), Harvey Helms, and Jeannie Helms, alleging, inter alia, that Spring Valley was the insured under an insurance policy issued by National Union in June 1985; that during the term of the policy the Helmses claimed to have suffered a loss as a result of certain alleged acts on the part of Spring Valley; that in November 1986, the Helmses sued Spring Valley in Jefferson Circuit Court seeking damages; and that Spring Valley tendered the defense of the Helms lawsuit to National Union, and that it refused to defend or indemnify. Spring Valley demanded “judgment against ... National Union ... declaring that it is obligated to defend and indemnify [Spring Valley] in the lawsuit brought by [the Helmses].” A *1235 copy of the insurance policy and the Helms-es’ complaint in that lawsuit was attached to the complaint. The trial court granted Spring Valley’s motion to stay the Helms lawsuit pending the resolution of the declaratory judgment action.
In June 1987, Spring Valley moved the court for a default judgment, which the trial court entered in July 1987. That default judgment, in part, ordered that National Union “defend and indemnify” Spring Valley in the Helms lawsuit. National Union was ordered to pay all attorney fees, costs of trial preparation, and court costs incurred by Spring Valley in defense of the Helms lawsuit. Furthermore, National Union was ordered to “indemnify ... Spring Valley ... from any and all adverse judgments or verdicts entered” in the Helms lawsuit. In March 1988, the trial court lifted the stay; that action allowed the Helmses to proceed with their action against Spring Valley. Seventeen months after the entry of the default judgment, National Union filed a Rule 60(b), A.R.Civ.P., motion for relief from that judgment. The motion was denied in February 1989 after a hearing, and National Union appealed in March 1989.
National Union argues on appeal that the trial court exceeded its authority or jurisdiction in awarding, by default judgment, relief not prayed for in the complaint. Specifically, National Union contends that the complaint failed to demand that the trial court determine “coverage” under the insurance policy, and, therefore, that the default judgment, which required that National Union “indemnify ... Spring Valley ... from any and all adverse judgments or verdicts entered” in the Helms lawsuit, was overbroad. National Union argues that the trial court abused its discretion by not setting aside the default judgment pursuant to Rule 60(b), A.R.Civ.P.
Because the default judgment was entered in July 1987, to the extent that the present appeal, brought in March 1989, purports to be an appeal from the default judgment itself, it is untimely; therefore, the only issue before this Court is whether the trial court abused its discretion in denying the Rule 60(b) motion.
At the outset, we note that the applicable standard of review is whether the trial judge abused his discretion in refusing to set aside the default judgment. Lightner Investigators, Inc. v. Goodwin, 447 So.2d 679, 681 (Ala.1984). We also recognize the following principles:
“It is a primary principle of the Alabama Rules of Civil Procedure that the parties to an action should be afforded a prompt and fair trial upon the merits. It is because of this principle that default judgments are not favored, and, while the trial court has discretion to grant such judgments, we have frequently held that this exercise of discretion should be resolved in favor of the defaulting party where there is doubt as to the propriety of a default judgment_ The trial court is given the same discretionary power to set aside such judgments where good cause is shown under Rule 60(b) and a meritorious defense is alleged. ...” (Emphasis added.)
Oliver v. Sawyer, 359 So.2d 368, 369-70 (Ala.1978). (Citations omitted.)
Furthermore, as to the denial of the Rule 60(b), A.R.Civ.P., motion, this Court has stated:
“[T]he only matter reviewable on appeal ... is the order of the denial itself. Thus, neither the merits nor the correctness of the underlying judgment nor matters properly brought on appeal may be examined in this review. We are limited solely to determining whether the trial court abused its discretion in denying 60(b) relief.”
Douglass v. Capital City Church of the Nazarene, 443 So.2d 917, 919 (Ala.1983). (Citations omitted.)
In this case, National Union was served with the summons and complaint by certified mail on May 15, 1987, at its New York City office, as evidenced by a return receipt signed by Ken Spencer. In its Rule 60(b) motion, National Union argued to the trial court that service of process was defective because Mr. Spencer was not an employee of National Union but was an employee in *1236 the mail room of its parent corporation, American International Group (apparently at the same address.) However, National Union’s primary argument to the trial court was that the trial court’s default judgment determining “coverage” granted relief not prayed for in the complaint and was, therefore, overbroad. Because neither the merits nor the correctness of the underlying default judgment is properly before this Court, we must determine only whether there was an abuse of discretion by the trial court in denying the Rule 60(b) motion. Id.
After a review of the order denying Rule 60(b) relief, we conclude that the trial court did not abuse its discretion in denying that motion. National Union failed to show good cause under Rule 60(b) and presented no meritorious defense. Therefore, the judgment is due to be, and it is hereby, affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES and SHORES, JJ., concur.
HOUSTON, J., concurs in the result.