This is an appeal from the denial of a Rule 55(c), Ala.R.Civ.P., motion to set aside a default judgment. That judgment was entered in favor of Ellen C. Blackwell and against Robert Hannah, Jr., in an automobile accident case. The question presented *Page 1278 
is whether the denial was an abuse of discretion.
Hannah and Blackwell were involved in an automobile collision in Gulf Shores. The accident report completed by the investigating officer listed Hannah's address as being in Florence, Mississippi, in accordance with the driver's license he was using at the time. However, Hannah contends that he filled out a Form SR-13 at the scene of the accident, giving his correct address as being in the town of Coden, in Mobile County. He contends that both the investigating officer and Blackwell were made aware of his correct address at the scene of the accident.
Blackwell later filed a complaint against Hannah, seeking damages for the bodily injuries she allegedly sustained during the accident. She requested that a copy of the summons and complaint be served on Hannah at the Mississippi address. That attempt at service was unsuccessful, and Blackwell filed a motion to allow service by publication. Her motion was granted, and Hannah failed to respond to the notices published in a Baldwin County newspaper of general circulation. A hearing was held on Blackwell's subsequent motion for a default judgment, with notice being sent to the Mississippi address. Again, Hannah did not respond. As a result, a default judgment was entered against Hannah for $30,995.50 on August 9, 1989. On September 1, 1989, less than one month after the default judgment was entered, Hannah filed his motion to have the default judgment set aside. His motion was supported by two affidavits and an exhibit.
The decision of whether to set aside a default judgment requires the balancing of two competing interests: (1) the need to promote judicial economy, and (2) the need to preserve an individual's right to defend on the merits. See C. Wright, A. Miller M. Kane, Federal Practice and Procedure, Civil, § 2693 (2d ed. 1983). Because the interest in preserving a litigant's right to a trial on the merits is paramount, this Court has construed Rule 55(c) as contemplating a liberal exercise of a trial court's discretion in favor of setting aside default judgments. Ex parte Illinois Central Gulf R.R., 514 So.2d 1283
(Ala. 1987). Additionally, it is implicit in the Alabama Rules of Civil Procedure that default judgments are not favored.Johnson v. Moore, 514 So.2d 1343, 1345 (Ala. 1987).
This Court set out a three-factor analysis to be used by trial courts in determining when to grant Rule 55(c) motions, in Kirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600 (Ala. 1988). Those three factors are: (1) whether the defendant has a meritorious defense; (2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and (3) whether the default judgment was entered as a result of culpable conduct on the part of the defendant.Kirtland, 524 So.2d at 605.
In establishing a meritorious defense, the burden on the movant is not to satisfy the trial court that he would necessarily prevail at a trial on the merits, only that he is prepared to present a plausible defense. Ex parte IllinoisCentral Gulf R.R., 514 So.2d at 1288. The proposed defense must be of such merit as to allow the trial court to reasonably infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. Kirtland,524 So.2d at 606. In his Rule 55(c) motion, Hannah stated that his insurer had settled with Blackwell for all of the property damage that she had sustained.[1] He also stated that his insurer had tendered a check to Blackwell for $807.30 as a full and final settlement for her alleged bodily injury claim, and that Blackwell had negotiated that check and retained the funds. The allegations in Hannah's motion were supported by his affidavit, the affidavit of a claims examiner for his insurer, and a copy of the negotiated check that was tendered to Blackwell to settle her *Page 1279 
bodily injury claim.[2] The claims adjuster's affidavit is reproduced below:
 "My name is Sheila Stokes. I am over the age of 19 years and have personal knowledge of those matters [stated] by me herein.
 "I am a Claims Examiner with Governmental [sic] Employees Insurance Company, the liability insurance carrier for Robert Hannah, Jr.
 "On March 14, 1988 our insured, Robert Hannah, Jr., was involved in an automobile accident with the Plaintiff, Ellen C. Blackwell. Subsequent to said accident, Ms. Blackwell entered into an agreement with this company to settle any claims she might have for property damage against our insured for the sum of $1,653.88.
 "Further, a draft in the amount of $807.30 was sent to Ms. Blackwell on or about May 2, 1988 in settlement of her alleged bodily injury claim. A copy of the draft forwarded to her, which reflected that it was in full and final settlement of bodily injury claim, is attached hereto. It further reflects that it was endorsed by her, for deposit only, negotiated and returned to this company. The funds in the amount of $807.30 have never been returned by Ms. Blackwell to this company."
A defaulting party has made a satisfactory showing of a meritorious defense if the proposed defense, if proven at trial, would be a complete defense to the action or if sufficient evidence has been produced to warrant submission of the case to a jury. Kirtland, 524 So.2d at 606. Hannah's allegations of accord and satisfaction, which are supported by the record, would be a complete defense to Blackwell's action. Therefore, he satisfied the "meritorious defense" factor in theKirtland analysis.
The second factor to be considered is whether setting aside the default judgment would unfairly prejudice the nondefaulting party. In Kirtland this Court recognized the policy followed in federal courts, which is that the prejudice involved must be substantial to warrant the denial of a Rule 55(c) motion.524 So.2d at 607. The only potential prejudice raised by Blackwell is the possible loss of evidence due to the passage of time. However, there were no witnesses noted on the accident report and Blackwell does not indicate what type of evidence is at risk due to the passage of time. The vague concerns expressed by Blackwell do not indicate that she would be substantially prejudiced by the setting aside of the default judgment.
The third factor to be considered is the culpability of the defaulting party's conduct. Blackwell contends that Hannah purposely misled the investigating officer by giving him a driver's license with an incorrect address. However, that allegation is unsupported. Hannah contends that he made the officer aware of his correct address at the time of the accident and used his correct address on all forms that he filed with the State in connection with the accident. In addition, there is no evidence that he purposely avoided service of process. This Court has defined "culpable conduct" as conduct that is willful, in bad faith, or disrespectful toward the judicial system. Such conduct justifies denying a Rule 55(c) motion. Kirtland, 524 So.2d at 607; Ex parteIllinois Central Gulf R.R., 514 So.2d at 1288. There is no evidence that Hannah engaged in that type of conduct. Although a question remains regarding whether Hannah actually made the investigating officer aware of his correct address, that question should not be resolved in Blackwell's favor, especially in light of the principle that the trial judge's discretion should be exercised in favor of the defaulting party whenever there is some doubt as to the propriety of the default *Page 1280 
judgment. Oliver v. Sawyer, 359 So.2d 368, 369 (Ala. 1978).
After reviewing Hannah's motion, the supporting affidavits, and the exhibit, this Court concludes that he satisfied each of the three factors in the Kirtland analysis. Therefore, the trial judge's denial of his Rule 55(c) motion was an abuse of discretion. The judgment is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, ADAMS and STEAGALL, JJ., concur.
[1] Blackwell's property damage claim was not made a part of her complaint and thus is not an issue in this appeal.
[2] A copy of that check was not in the original record on appeal, and Hannah has filed a motion requesting this Court to supplement the record with a copy of the check. Because that check appears to have been before the trial judge when he ruled on Hannah's Rule 55(c) motion, and because Blackwell has not objected to Hannah's motion to supplement the record, that motion has been granted.