ADAMS, Justice.
The defendants, Dobson’s Petting Zoo and Nancy Dobson, appeal from a default judgment entered in favor of Richard C. Goens.
On the date the case was set for trial, defendant Nancy Dobson telephoned and notified the court that she was out of the state. She requested a continuance, which was denied. The trial judge thereafter entered a default judgment against the defendants in the amount of $6,500,000. Just prior to the entry of the default judgment, an attorney appeared, representing the interests of Dobson, who, until that time had not obtained counsel. The attorney was informed that a continuance would not be granted and that the court was in the process of entering a default judgment against Dobson.
Dobson filed motions pursuant to Rule 55(c) and Rule 60(b), A.R.Civ.P., to set aside the default judgment. Following a hearing on the motions, the trial judge refused to set aside the default judgment on the issue of liability; however, he did set aside the judgment with regard to the amount of damages and empaneled a jury to assess the damages. The jury awarded Goens $2,450,000.
The record in this case reflects that the court granted continuances on three occasions prior to the date on which the default was entered. It appears from the record that Goens suffered injuries as a result of a vehicular accident. Goens was driving a van belonging to Dobson; that van was towing a “small vehicle” when the tow bar broke, causing the van to swerve and collide head-on with an 18-wheel truck. Goens gave the court this explanation of his injuries:
“[Goens] broke [his] right leg, shattered [his] left leg, broke [his] right arm or shattered [his] right arm. [H]e had multiple injuries below the waist. [He] lost both testicles in the accident and just a lot of multiple injuries.”
His left leg was eventually amputated and he also suffered damage to his bladder.
This Court has written the following regarding motions to set aside default judgments:
“The applicable standard of review in appeals stemming from a trial court’s granting or denying a motion to set aside a default judgment is whether the trial *258 court’s decision constituted an abuse of discretion. Johnson v. Moore, 514 So.2d 1343 (Ala.1987); Lightner Investigators, Inc. v. Goodwin, 447 So.2d 679 (Ala. 1984); Roberts v. Wettlin, 431 So.2d 524 (Ala.1983). Thus, the question sub judice is whether the trial court abused its discretion in denying [appellant’s] motion to set aside the default judgment.
[[Image here]]
“Resolving questions of abuse of discretion requires an understanding of the extent of discretionary authority with which a trial judge is vested. By its plain language, Rule 55(c) confers broad discretionary authority upon trial judges. This discretion, however, is not boundless. Rule 1(c), Ala.R.Civ.P., states: ‘These rules shall be construed to secure the just, speedy and inexpensive determination of every action.’ Thus Rule 1 mandates that trial courts construe Rule 55(c) to effectuate an expeditious, efficient, and just resolution of litigation. This requires a trial court to balance two competing policy interests associated with default judgments: 1) the need to promote judicial economy and 2) the need to preserve an individual’s right to defend on the merits. See C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civil, § 2693 (2d ed. 1983)_
“First, when exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir.1984). The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant’s right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court’s use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala. 1987); Elliott v. Stephens, 399 So.2d 240 (Ala.1981); Oliver v. Sawyer, 359 So.2d 368 (Ala.1978); Knight v. Davis, 356 So.2d 156 (Ala.1978). We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. Oliver v. Sawyer, supra, at 369. We have also construed Rule 55(c) as contemplating a liberal exercise of a trial court’s discretion in favor of setting aside default judgments. Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala.1987). Moreover, Article 1, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article 1, § 10, by holding inviolate a person’s right to defend himself in a civil action to which he is a party, elucidates this state’s commitment to protect an individual's right to attain an adjudication on the merits and to afford litigants an opportunity to defend. We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.
“Second, in addition to this underlying presumption, we have established guidelines to assist a trial judge in exercising his discretion — specifically, by requiring the defaulting party to show 1) the existence of a meritorious defense and 2) an absence of willful conduct. Illinois Central Gulf, supra, at 1288. Because the Illinois Central Gulf case essentially expounded a new standard, we find it opportune to elaborate on this standard, one we feel will provide a workable touchstone for guiding trial courts in exercising their discretionary authority under Rule 55(c).
“The greatest difficulty in deciding whether to grant or to deny a motion to set aside a default judgment arises in those cases falling in the expansive area between the two extremes — one extreme characterized by the presentation of a clearly frivolous defense or no defense at all and by intentional and flagrant abuse *259 of procedural rules, which come together to warrant disposition of the case by default judgment, and the other extreme characterized by inadvertent oversight coupled with an obviously meritorious defense, which come together to warrant disposition by trial. To alleviate the difficulty involved in deciding Rule 55(c) motions and to ensure that justice will be served, clear guidelines need to be established and then implemented by trial courts. Thus, we hold that a trial court’s broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct. Illinois Central Gulf, supra; Hritz v. Woma Corp., 732 F.2d 1178 (3rd Cir. 1984)....
[[Image here]]
“Our articulation of a three-part test dispositive in ruling on Rule 55(c) motions should not be construed as an onerous restriction on a trial judge’s discretionary power; balancing the equities of each case is a duty that lies within the domain of the trial court. On review, a trial court’s decisions should be looked upon with great deference, because, as Professor Wright states: the trial judge ‘is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties.’ C. Wright, supra, § 2693. As one Court of Appeals has stated, it is the trial judge who has the ‘opportunity to weigh the equities of the case.’ Madsen v. Bumb, 419 F.2d 4, 6-7 (9th Cir.1969)_”
Kirtland v. Fort Morgan Auth. Sewer Serv., 524 So.2d 600, 604-05, 608 (Ala.1988) (footnotes omitted).
In this case, we hold that the trial judge did not abuse his discretion in refusing to set aside the default judgment. The trial judge stated for the record that Nancy Dobson telephoned on the morning of the date the case was to be called for trial and requested a continuance. She explained to the court that she was out of the state. The trial court further stated that the case had been continued on a number of occasions and that, even though Dobson had not retained counsel in the matter, she had been advised to do so.[1] While she obviously did not consider the gravity of the proceedings, the extensive injuries of the plaintiff and the fact that the trial court had already continued the case three times compel us to conclude that the refusal of the trial court to set aside the default judgment on the issue of liability was not error. Dobson had been warned that the trial would not be put off, and she disregarded the court’s advice that she retain counsel. She cannot now claim, as she suggests in her brief, that she was “unfamiliar with the rules of law and procedures of courts in general” and that her “lack of legal acumen” was the reason she did not appear on the date of the trial.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. The trial court stated as follows:
"Mrs. Dobson has been told by this Court on a number of occasions that this case would not be put off. She continues to call from outside the state to seek a continuance. We are not going to give her one. She understands that this case is for trial.”