ADAMS, Justice.
Beverly Barber appeals the denial of her motion to set aside a default judgment against her in the amount of $30,362.50, in favor of Margaret Eady Fairburn. We affirm.
Following several extensions and continuances,[1] the trial court, on February 25, 1992, set a scheduling conference for May 1, 1992. The case action summary indicates that on February 27, 1992, Ms. Barber was mailed a letter notifying her of the conference. On May 1, 1992, Barber failed to appear and the trial court entered a default judgment against her. Ms. Fair-burn was allowed 10 days to prove her damages.
Ms. Barber, on May 14, 1992, filed a motion to set aside the default judgment, claiming that she had not received adequate notice of the conference. In support of her motion, she attached the envelope from the court in which she claims the notification arrived. The envelope showed a postmark date of April 29, 1992. She claims that she did not receive the notice until the afternoon of May 1, 1992, after the conference had taken place. There was no accompanying affidavit from Ms. Barber, and although the envelope is postmarked with an April 29, 1992, date, there is no notation on the case action summary indicating that anything was mailed to Ms. Barber on that date.
“As a threshold matter, a trial court must peruse the defaulting party’s answer, the motion to set aside the default judgment, the motion’s supporting affidavits, any other affidavits submitted by the defaulting party such as affidavits associated with summary judgment proceedings, and any relevant discovery matters to ascertain whether the defaulting party has shown the existence of a meritorious defense. The defaulting party does not have to prove the meritorious defense. But, the defaulting party must set forth with sufficient particularity a plausible defense — a defense predicated on a viable legal theory and a strong factual basis that counters the cause of action averred in the complaint. The defense must be of sufficient merit to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allega *1328 tions in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means that would warrant submission of the case to the jury. Kirtland v. Fort Morgan Authority Sewer Service, Inc., [524 So.2d 600 (Ala.1988)]. Next, the trial court must determine whether the non-defaulting party would be substantially prejudiced if the default judgment is vacated. Last, the trial court must determine whether the defaulting party was culpable in committing the default. Id.”
Jones v. Hydro-Wave of Alabama, Inc., 524 So.2d 610, 613 (Ala.1988). Ms. Barber’s motion to set aside the default judgment stated:
“Defendant did not receive notice of the status conference herein until after 2:00 p.m. on May 1, 1992, and therefore did not know that she was to attend said conference. A copy of the envelope from the office of the clerk of court, in which was enclosed the order setting the conference, postmarked April 29, 1992, is attached hereto and incorporated by reference.
“The interest of justice will be served by granting defendant the relief prayed for herein. There is a good a [sic] sufficient defense to the plaintiff’s complaint and defendant will be prejudiced if not allowed to present said defense.”
Clearly, Ms. Barber did not set forth sufficient facts tending to show a meritorious defense. Neither did she attach to her motion to set aside the default judgment any affidavits regarding receipt of notice. We have stated:
“First, when exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3rd Cir.1984). The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant’s right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court’s use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala.1987); Elliott v. Stephens, [399 So.2d 240, 242 (Ala.1981) ]; Oliver v. Sawyer, 359 So.2d 368 (Ala.1978); Knight v. Davis, 356 So.2d 156 (Ala.1978). We have affirmatively acknowledged the dis-favorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. Oliver v. Sawyer, supra, at 369. We have also construed Rule 55(c) as contemplating a liberal exercise of a trial court’s discretion in favor of setting aside default judgments. Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala.1987). Moreover, Article 1, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article 1, § 10, by holding inviolate a person’s right to defend himself in a civil action to which he is a party, elucidates this state’s commitment to protect an individual’s right to attain an adjudication on the merits and to afford litigants an opportunity to defend. We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.
“Second, in addition to this underlying presumption, we have established guidelines to assist a trial judge in exercising his discretion — specifically, by requiring the defaulting party to show 1) the existence of a meritorious defense and 2) an absence of willful conduct. Illinois Central Gulf, supra, at 1288.”
Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600, 604-05 (Ala.1988). Clearly, the trial court exercised its *1329 discretionary powers in this case. There was no offer of a meritorious defense, except in conclusory terms, and there appeared to be a dispute as to when notice was mailed and when it was received. We cannot say that the trial court abused its discretion; therefore, the refusal to set aside the judgment is affirmed.
AFFIRMED.
HORNSBY, C.J., and ALMON, STEAGALL and INGRAM, JJ., concur.

. One continuance was allowed because Ms. Barber’s attorney withdrew to become a judge. Another was allowed because Ms. Barber's new attorney was called to active duty with the United States Army.