ON APPLICATION FOR REHEARING

ADAMS, Justice.
The original opinion issued on September 18, 1992, is withdrawn and the following is substituted therefor.
The posture of this case is quite unusual. Colonial Bank sued Beth and Rick Williams because they had failed to make payments on two promissory notes. The summons and the complaint were served on the Williamses on May 16, 1991; however, they failed to answer within 30 days, and Colonial Bank moved for a default judgment on June 28, 1991. The motion was granted and the court entered a default judgment in July 1991. On August 9, 1991, the Williamses filed a Rule 55(c), A.R.Civ.P., motion to set aside the default judgment. The court heard argument on the motion in October 1991, and entered an order purporting to grant that motion on November 15,1991 — more than 90 days after the filing of the motion. The November 15 order stated that the motion was being granted “solely on the issue of defendant Rick Williams’s assertion that negotiation to resolve the matter was in effect between the plaintiff’s attorney and himself at the time the default judgment was entered.” On December 19,1991, the Williams-es appealed to this Court from the November 7, 1991, denial, by operation of law, of their motion to set aside the default judgment, recognizing that this Court would have to consider the November 15 order void because it was entered more than 90 days after the motion to set aside had been filed. Following the filing of the appeal, this Court granted the Williamses leave to file a motion with the trial court pursuant to Rule 60(b). Although the Williamses were given 7 days to file that motion with the trial court, and the trial court was given 28 days from the filing to grant or deny it, the Williamses filed the motion late and the trial court did not rule on it.
The Rule 55(c) motion was automatically denied 90 days after it was filed. See Rule 59.1, A.R.Civ.P. Therefore, the trial court’s order dated November 15, 1991, was void for lack of jurisdiction. See Greco v. Thyssen Mining Construction, Inc., 500 So.2d 1143, 1145 (Ala.Civ.App.1986). The Williamses did not appeal in regard to the trial court’s failure to rule on the Rule 60(b) motion within 28 days.[1] Thus, the only question before us is whether the trial judge erred in denying the Rule 55(c) motion to set aside the default judgment.
In a leading case dealing with default judgments, this Court stated:
“The applicable standard of review in appeals stemming from a trial court’s granting or denying a motion to set aside a default judgment is whether the trial court’s decision constituted an abuse of discretion. Johnson v. Moore, 514 So.2d 1343 (Ala.1987); Lightner Investigators, Inc. v. Goodwin, 447 So.2d 679 (Ala.1984); *1249 Roberts v. Wettlin, 431 So.2d 524 (Ala.1983). Thus, the question sub judice is whether the trial court abused its discretion in denying [the appellant’s] motion to set aside the default judgment.
[[Image here]]
“Resolving questions of abuse of discretion requires an understanding of the extent of discretionary authority with which a trial judge is vested. By its plain language, Rule 55(c) confers broad discretionary authority upon trial judges. This discretion, however, is not boundless. Rule 1(c), Ala.R.Civ.P., states: ‘These rules shall be construed to secure the just, speedy and inexpensive determination of every action.’ Thus, Rule 1 mandates that trial courts construe Rule 55(c) to effectuate an expeditious, efficient, and just resolution of litigation. This requires a trial court to balance two competing policy interests associated with default judgments: 1) the need to promote judicial economy and 2) the need to preserve an individual’s right to defend on the merits. See C. Wright, A. Miller & M. Kane, Federal Practice and Procedure, Civil, § 2693 (2d ed. 1983)....
“First, when exercising discretionary authority pursuant to Rule 55(c), a trial judge should start with the presumption that cases should be decided on the merits whenever practicable. Hritz v. Woma Carp., 732 F.2d 1178, 1181 (3d Cir.1984). The Alabama Constitution and our past opinions construing the default judgment rule support the conclusion that the interest in preserving a litigant’s right to a trial on the merits is paramount and, therefore, outweighs the interest of promoting judicial economy. We have repeatedly held that the trial court’s use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Johnson v. Moore, 514 So.2d 1343 (Ala.1987); Elliott v. Stephens, [399 So.2d 240 (Ala.1981)]; Oliver v. Sawyer, 359 So.2d 368 (Ala.1978); Knight v. Davis, 356 So.2d 156 (Ala.1978). We have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits. Oliver v. Sawyer, supra, at 369. We have also construed Rule 55(c) as contemplating a liberal exercise of a trial court’s discretion in favor of setting aside default judgments. Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala.1987). Moreover, Article 1, §§ 6 and 13, Alabama Constitution of 1901, by guaranteeing the due process rights of citizens, and Article 1, § 10, by holding inviolate a person’s right to defend himself in a civil action to which he is a party, elucidates this state’s commitment to protect an individual’s right to attain an adjudication on the merits and to afford litigants an opportunity to defend. We, therefore, emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.
“Second, in addition to this underlying presumption, we have established guidelines to assist a trial judge in exercising his discretion — specifically, by requiring the defaulting party to show 1) the existence of a meritorious defense and 2) an absence of willful conduct. Illinois Central Gulf, supra, at 1288. Because the Illinois Central Gulf case essentially expounded a new standard, we find it opportune to elaborate on this standard, one we feel will provide a workable touchstone for guiding trial courts in exercising their discretionary authority under Rule 55(c).
“The greatest difficulty in deciding whether to grant or to deny a motion to set aside a default judgment arises in those cases falling in the expansive area between the two extremes — one extreme characterized by the presentation of a clearly frivolous defense or no defense at all and by intentional and flagrant abuse of procedural rules, which come together to warrant disposition of the case by default judgment, and the other extreme characterized by inadvertent oversight coupled with an obviously meritorious defense, which come together to warrant disposition *1250 by trial. To alleviate the difficulty involved in deciding Rule 55(c) motions and to ensure that justice will be served, clear guidelines need to be established and then implemented by trial courts. Thus, we hold that a trial court’s broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct. Illinois Central Gulf, supra; Hritz v. Woma Corp., 732 F.2d 1178 (3d Cir. 1984)....
[[Image here]]
“Our articulation of a three-part test dispositive in ruling on Rule 55(c) motions should not be construed as an onerous restriction on a trial judge’s discretionary power; balancing the equities of each case is a duty that lies within the domain of the trial court. On review, a trial court’s decisions should be looked upon with great deference, because, as Professor Wright states: the trial judge ‘is the person most familiar with the circumstances of the case and is in the best position to evaluate the good faith and credibility of the parties.’ C. Wright, supra, § 2693. As one Court of Appeals has stated, it is the trial judge who has the ‘opportunity to weigh the equities of the case.’ Madsen v. Bumb, 419 F.2d 4, 6-7 (9th Cir.1969)....”
Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600, 603-05, 608 (Ala.1988) (footnotes omitted).
In the present case, Rick Williams, who is an attorney at law, contends that he was involved in a capital murder case when the answer was due in this civil action and that that murder case was occupying most of his time. The Williamses also allege that they were involved in negotiations with Colonial Bank around the time when the answer was due and that there was a buy-back agreement between the Williamses and the original developer of the property, a possible third-party defendant, and that the default judgment should be set aside in order for them to file a third-party complaint against the developer. While Rick Williams’s involvement and absorption in a capital case is understandable, the fact remains that he failed to file his answer on time — he and the other defendant also failed to file their Rule 60(b) motion with the trial court within the seven days allowed by this Court. Surely, an attorney, no matter how involved in other matters, should be held to an understanding of the rules of court and unambiguous court orders. Additionally, while the Williamses may have a claim against their developer, there is simply not enough evidence in the record in support of such a claim to indicate that the trial court abused its discretion in denying the Rule 55(c) motion to set aside the default judgment.[2]
APPLICATION GRANTED; ORIGINAL OPINION WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
HORNSBY, C.J., and SHORES, STEAGALL and INGRAM, JJ., concur.

. We need not decide whether the circuit court had jurisdiction of the motions, which were filed beyond the seven-day period allowed by this Court.

. We note again that, considering the trial court’s purported order of November 15, 1991, it appears that the trial court intended that the default judgment be set aside; but the Rule 55(c) motion to set it aside was denied by operation of law at the expiration of 90 days following the filing of the motion.