THOMPSON, Judge.
This is an appeal from a custody modification.
E.E. (the “father”) and M.C. (the “mother”) are parents of a nine-year-old daughter; the parties have never married. Approximately one year after the child’s birth, the father filed an action seeking to establish his paternity. The trial court entered a judgment, that established the father’s paternity, awarded the parties joint custody, and set the father’s child-support obligation and visitation. The judgment was based on an agreement between the parties. The judgment provided that Dr. Karl Kirkland, a psychologist, would mediate any disputes that might arise between the parties.
In February 2000, the father, a resident of California, filed a petition seeking to modify custody. After conducting a hearing on that petition, the trial court entered a judgment on June 27, 2000, that, among other things, modified the prior judgment by redefining the joint custody arrangement. That judgment provided that the child reside with the mother during the school year and with the father during her summer vacations. In its judgment, the trial court stated:
“[I]t is hereby ORDERED, ADJUDGED, AND DECREED:
“1. That the parties shall continue to remain joint legal custodians of the minor child, as previously agreed and ordered herein. However, the Court does hereby clarify and, to the extent necessary, modify the prior Order incorporating the agreement of the parties, to specify that the parties shall hereafter be considered joint physical custodians of the minor child, and, except as otherwise provided herein, neither party shall have the unilateral authority to make significant decisions or changes with regard to the child’s residence, education, health and/or welfare, but that such decisions shall be made jointly with the assistance of the mediator, Dr. Karl Kirkland, as previously agreed between the parties.
“2. Should either party refuse to participate in mediation or conciliation, as scheduled or recommended by Dr. Kirkland, or should they prematurely terminate any counseling session, they shall still be bound by the recommendations and/or determinations of Dr. Kirkland, unless otherwise ordered by this Court, and all recommendations of Dr. Kirkland shall remain in full force and effect without any stay, pending Orders of this Court.”
Neither party filed a postjudgment motion or appealed from the trial court’s June 27, 2000, judgment.
On August 28, 2000, the father filed a petition seeking a change in custody. In support of his petition, the father submitted a document entitled “Notice of Findings and Custody Determination by Dr. Karl Kirkland,” as well as two letters from Dr. Kirkland to the trial judge regarding an August 20, 2000, incident involving the mother. In those documents, Dr. Kirkland recommended that the father be awarded primary custody of the child because, he alleged, the mother’s behavior constituted a danger to the child. Based on Dr. Kirkland’s recommendation, on August 28, 2000, the court awarded temporary custody of the child to the father “pending further hearing.”
On September 21, 2000, the trial court conducted a hearing on the father’s August 23, 2000, petition to modify custody and on several motions filed by the mother seeking to have the August 28, 2000, temporary custody order set aside. - At that hearing, Dr. Kirkland testified that, during a counseling session at his office, the child had *485 admitted that the mother had coached her to make false accusations of sexual abuse by the father. Dr. Kirkland also testified regarding a confrontation with the mother at his office, during which the mother destroyed property. At that time, Dr. Kirkland recommended that the mother seek inpatient psychiatric treatment.
The mother testified briefly at the September 21, 2000, hearing. However, during the course of her testimony, the mother left the hearing. The record indicates that the mother informed her attorney that she was leaving the proceeding and that she then left. The trial court concluded the hearing soon after the mother left.
On September 22, 2000, the trial court entered a judgment awarding custody of the child to the father and providing that, upon the mother’s showing she had obtained professional psychiatric help, it would allow her regular visitation. In that judgment, the trial court found that the mother had left the hearing and had refused to participate further in the proceedings.
The mother filed a postjudgment motion, seeking “an opportunity to present evidence before the Court.” The mother stated in her motion that “[she] did not return to the Court after a break. Although she later returned, the Court had concluded the proceeding and [the mother] could not continue.” The trial court denied the mother’s postjudgment motion; the mother then appealed.
The mother argues, without citing any authority, that paragraphs 1 and 2 of the trial court’s June 27, 2000, judgment, quoted above, impermissibly allowed Dr. Kirkland to alter the custody arrangement without affording her a hearing, thus violating her right to due process. However, the mother did not appeal from the June 27, 2000, judgment. That judgment became final 42 days later, on August 8, 2000. The mother filed her notice of appeal on October 11, 2000, well over 42 days from the date of that judgment. Rule 4(a)(1), Ala.R.App.P. The argument the mother makes in her brief on appeal relates to the provisions of the June 27, 2000, judgment, rather than to the September 22, 2000, judgment from which she purports to appeal. Thus, her argument is untimely. See Nat’l Union Fire Ins. Co. v. Spring Valley Farms, Inc., 557 So.2d 1234 (Ala.1990).
Out of an abundance of caution, however, we will briefly address the merits of the mother’s argument. The trial court vested Dr. Kirkland with the authority to make a custody recommendation, and, in its September 22, 2000, judgment, it interpreted its June 27, 2000, judgment as authorizing Dr. Karl Kirkland to make custody determinations. However, only the trial court has the authority to make such determinations. Although the parties abided by Dr. Kirkland’s recommendation regarding custody, the custody of the child was not altered until the trial court entered its August 28, 2000, temporary custody order.
Further, any error on the part of the trial court was harmless. See Rule 45, Ala.R.App.P. Although its August 28, 2000, temporary custody order ratified Dr. Kirkland’s determination that modification of custody would serve the child’s best interests, the trial court quickly scheduled a hearing to receive evidence on the father’s petition to modify. After receiving ore tenus testimony at that hearing, the trial court, in its September 22, 2000, judgment, found that Dr. Kirkland’s recommendations had been “reasonable and necessary” to protect the child’s best interests. It also found from the evidence elicited at that- hearing that custody should be modi- *486 ñed. The record supports the trial court’s September 22, 2000, judgment.
Although the mother briefly challenges the trial court’s judgment, claiming she was denied due process because she did not have an opportunity to present evidence in support of her position, that argument is without merit. The mother was afforded the opportunity at the September 21, 2000, hearing to present evidence in opposition to the evidence the father presented in support of his petition to modify custody; however, the mother voluntarily left the proceedings in the middle of her presentation of the evidence. Nothing in the record indicates that the mother was denied due process of law.
The trial court’s judgment is due to be affirmed.
The appellee’s request for an attorney fee is denied.
AFFIRMED.
YATES, P.J., and CRAWLEY and PITTMAN, JJ., concur.
MURDOCK, J., concurs in the result.