STEAGALL, Justice.
Defendant, Irene Gilley, appeals from the denial of her Rule 55(c), Ala.R.Civ.P., motion to set aside a default judgment entered in favor of Junior Crawford in a boundary line dispute.
In Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988), we discussed in detail Rule 55(c) and the analysis used when a defendant seeks to have a default judgment set aside. We believe that the three-factor analysis of Kirtland and the Rule 55(c) presumption “that cases should be decided on the merits whenever practicable,” 524 So.2d at 604, require that the default judgment be set aside and the cause remanded for further proceedings.
In applying Kirtland, we note that the three-factor analysis requires us to look first at whether the defaulting party has demonstrated “the existence of a meritorious defense.” In her'verified motion to set aside the default judgment, Gilley set out several defenses to the action, including adverse possession. This satisfies the Court’s threshold prerequisite.
We must next consider whether the plaintiff will be prejudiced if the default judgment is set aside. We have held that for a court to make such- a determination, “the prejudice warranting denial of a Rule 55(c) motion must be substantial,” and that “[i]f the harm suffered by the nondefault-ing party ... could be mitigated by the imposition of reasonable terms and conditions, the prejudice is not substantial.” 524 So.2d at 607. Here, Crawford planned to use the land for a business venture only, intending to construct a day care center on the property. Crawford’s use of the property was not so urgent or critical that any harm suffered by him could not be mitigated by the imposition of reasonable terms and conditions. He would not, therefore, be substantially prejudiced by allowing this case to proceed to trial.
Finally, we consider the culpability of the defaulting party’s conduct. In discussing this culpability, we have stated:
“Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Negligence by itself is insufficient. Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness. Such conduct justifies a finding of culpability and thus militates against an exercise of discretion in favor of the defaulting party. The strong policy of resolving legal issues on the merits must yield when a defaulting party has committed intentional acts that are contrary to procedural rules.
“However, a defaulting party’s reasonable explanation for inaction and noncompliance may preclude a finding of culpability.”
524 So.2d at 607-08 (citations omitted).
The Kirtland case cited several opinions that “exemplify the types of situations where a trial court might, in its discretion, find evidence of a reasonable explanation for a defaulting party’s delay or unresponsiveness.” 524 So.2d at 608. One of those cited was Oliver v. Sawyer, 359 So.2d 368 (Ala.1978), in which the default judgment was set aside due, in part, to the advanced age and illiteracy of the defendant. Here, Gilley is 67 years old and of limited educational background (only a ninth-grade education). She also contends *459 that she has a serious problem with her ability to think and with short- and long-term memory. We hold that under these particular facts and circumstances, Gilley has put forth a reasonable explanation for inaction and noncompliance and, therefore, that a finding of culpability is precluded.
In construing the default judgment rule, “[w]e have affirmatively acknowledged the disfavorable treatment afforded default judgments on the ground that such judgments preclude a trial on the merits.” Kirtland, 524 So.2d at 604 (citations omitted). See, also, Wise v. Siegal, 527 So.2d 1281 (Ala.1988), and Ex parte Illinois Central Gulf R.R., 514 So.2d 1283 (Ala. 1987). Additionally, “in determining whether to grant or deny a motion to set aside a default judgment, [the trial court] should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court.” Kirtland, 524 So.2d at 605.
The order of the trial court denying Gil-ley’s motion to set aside the default judgment is reversed and the cause remanded for proceedings in accordance with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and JONES, SHORES, ADAMS, HOUSTON and KENNEDY, JJ., concur.
MADDOX, J., dissents.