This is an appeal from a default judgment entered against Storage Equities, Inc., a California corporation, and PS Partners VI, Ltd., a California limited partnership ("the appellants"), in the amount of $226,050.14.[1] The issue is whether the trial judge abused his discretion in denying the appellants' motion to set aside the default judgment under Rule 55(c), A.R.Civ.P.
The underlying dispute concerns a promissory note executed by the appellants as part of an agreement to purchase 12 mini-warehouses located in Alabama from the plaintiff, Jack W. Kidd.[2] The sale price was approximately $13,700,000 plus the contingent note at issue here. The note was contingent because there would be no liability on it if qualifying rentals did not exceed $2,020,000. The principal amount of the note was not to exceed $768,000 and was to be determined based on the amount of "qualifying rentals" accruing during the year commencing May 1, 1986, and ending April 30, 1987.[3] The note was due and *Page 607 
payable on July 15, 1987, and, when executed, provided that "[q]ualifying [r]entals of $702,919.00 have been collected during the period commencing on May 1, 1986 and ending on August 30, 1986."
Shortly before the note was to become due, a dispute arose concerning what accounts should be included as "qualifying rentals" under the note. The appellants contended that the $702,919 amount improperly included rentals for a period prior to May 1, 1986. Kidd, on the other hand, contends that those rentals were properly included as qualifying rentals because they were collected between May 1, 1986, and August 30, 1986, or that the $702,919 became the agreed-upon amount of qualifying rentals from May through August by virtue of the appellants' calculation of that figure and their inclusion of it in the note.
When the parties could not resolve the dispute, Kidd brought an action on September 19, 1988, to collect any money due him under the note. The appellants were served by certified mail in California on October 17, 1988, and, they contend, they immediately forwarded the summons and complaint to their attorneys in California. In fact, the summons and complaint were eventually found in a file in these attorneys' office. The attorney who represented the appellants stated in an affidavit, however, that she was not aware that she had received the summons and complaint and therefore she had filed no appearance or response on behalf of the appellants. Kidd obtained a default judgment on January 24, 1989. On February 10, 1989, after having received a demand for payment, the appellants filed a motion to set aside the default judgment. On April 14, 1989, the appellants also filed an answer and counterclaim seeking reformation of the note due to an alleged fraud or mistake. The motion to set aside the default was denied by the trial judge. The trial judge, in response to another post-judgment motion filed by the appellants, reduced the judgment.
This Court, in Kirtland v. Fort Morgan Authority SewerService, Inc., 524.2d 600 (Ala. 1988), outlined the policy considerations involved in determining whether a default judgment should be set aside. Rule 55(c) contemplates a liberal exercise of the trial court's discretion in favor of setting aside default judgments. Ex parte Illinois Central Gulf R.R.,514 So.2d 1283 (Ala. 1987). In light of the litigant's paramount right to a trial on the merits, this Court has repeatedly held that questions involving the trial court's use of its discretionary authority should be resolved in favor of the defaulting party where there is doubt as to the propriety of the default judgment. Fries Correctional Equipment, Inc. v.Con-Tech, Inc., 559 So.2d 557 (Ala. 1990); Creel v. GatorLeasing, Inc., 544 So.2d 936 (Ala. 1989); Kirtland, supra, at 604; Johnson v. Moore, 514 So.2d 1343 (Ala. 1987); Oliver v.Sawyer, 359 So.2d 368 (Ala. 1978); Knight v. Davis,356 So.2d 156 (Ala. 1978).
When exercising his discretion under Rule 55(c), a trial judge should consider the following three-factor analysis set forth in Kirtland: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.
 Three-factor Analysis: (a) Meritorious Defense
Several recent opinions from this Court have elaborated on the meritorious defense element. Hannah v. Blackwell,567 So.2d 1276 (Ala. 1990); Gilley v. Crawford, 549 So.2d 457 (Ala. 1989);Appalachian Stove Fabricators, Inc. v. Roberts, 544 So.2d 893
(Ala. 1989). To meet this element, the appellants have the burden of satisfying the trial judge only that they are prepared to present a plausible defense, not that they would necessarily prevail at a trial on the merits. Ex parte IllinoisCentral Gulf R.R., supra. The appellants can meet this factor of the analysis by a clear and specific showing — not through a conclusory statement, but by *Page 608 
a definite presentation of facts — that the judgment was probably unjust because there was no valid debt or demand; that there was a valid defense; or that on a trial there would be a reasonable likelihood of a different result. Kirtland, supra, at 606.
While the appellants' motion to set aside the default judgment merely contains conclusory statements that they have a meritorious defense, the brief in support of that motion, the accompanying affidavits, and the appellants' counterclaim show the existence of a meritious defense. In those materials, the appellants have alleged that the note should be reformed because, they say, it was the product of a mutual mistake of the parties or of a fraud perpetrated by Kidd. The appellants' evidence tended to show that Kidd had given them figures for qualifying rentals in May 1986 and that those figures had included $18,343 in rents that were collected in May 1986 but that had accrued earlier. The appellants assert that they derived the $18,343 figure from the daily reports of charges, receipts, and deposits from May 1986, which apparently were in Mr. Kidd's possession until after the note was executed. They argue that those rentals were not in fact "qualifying rentals" because they did not accrue in the period covered by the note. Although the contested $18,343 formed part of the $702,919 recited in the note as qualifying rentals from May 1, 1986, through August 30, 1986, the appellants contend in their answer and in their counterclaim that the note is due to be reformed because of a mutual mistake, because of a unilatered mistake by the appellants of which Kidd had knowledge, or because of a fraud by Kidd. See Ala. Code 1975, § 8-1-2. It appears that if the $18,343 is deleted from the qualifying rentals, the total qualifying rentals will be reduced below $2,020,000 and no payment will be due under the note.
The allegations of fraud and mistake were averred with such specificity that the trial court could have reasonably inferred that allowing the defense to be litigated could foreseeably alter the outcome of the case at a trial on the merits.Kirtland, supra, at 606. Thus, the appellants have met their burden of showing that a meritorious defense exists.
 (b) Absence of Prejudice
Prejudice warranting the denial of a Rule 55(c) motion must be substantial. Kirtland, supra, at 607. In the present case, Kidd asserts that the appellants are unable to locate two of their former employees: one who executed the note and another who made an initial determination that Kidd was owed money on the note. However, a thorough review of the record reveals no evidence that these employees are unavailable. In fact, in a memorandum filed in the trial court, the appellants state that they "have located these witnesses and will make them available for deposition at a time convenient to [Kidd]." Thus, it does not appear that Kidd would be substantially prejudiced by the setting aside of the default judgment.
This Court recognizes that the setting aside of the default judgment delays a termination of this litigation and causes Kidd to incur additional costs. Such prejudice, however, is not substantial and can be effectively offset by requiring the appellants to provide a bond to secure costs, to pay court costs, or to cover expenses of the appeal. Kirtland, supra, at 607, quoting C. Wright, A. Miller, M. Kane, Federal Practiceand Procedure, Civil, § 2200 (2d ed. 1983).
 (c) Culpability of the Defaulting Party's Conduct
Conduct committed willfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. Kirtland, 524 So.2d at 607. Willful or bad faith conduct is "characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness." Kirtland, 524 So.2d at 608; see e.g., Jonesv. Hydro-Wave of Alabama, Inc., 524 So.2d 610 (Ala. 1988) (defaulting party's pattern of intentional evasion of the court). Negligence alone can be a reasonable explanation for inaction, particularly at the initial stage of litigation. Exparte Illinois *Page 609 Central Gulf R.R., 514 So.2d 1283 (Ala. 1983).
The circumstances of this case that led to the entry of the default judgment are similar to those in Illinois Central Gulf.
In both cases the summons and complaint were sent by certified mail to proper agents of the defendants, and in both cases the agents promptly forwarded the summons and complaint to the defendants' attorneys. In Illinois Central Gulf the summons and complaint did not come to the attention of the responsible attorney until he returned from a month-long trial in another city. In this case, the appellants' attorney, in her affidavit attached to the appellants' motion to set aside the default judgment, stated:
 "4. I have discovered in my office file, copies of the summons, complaint, request for production, notice of deposition, interrogatories and requests for admissions that are stamped as having been filed by the plaintiff on September 29, 1988. I have no records, nor do I recall, how I received these, when I received these, nor from whom I received them. However, one of our client's executives has told me that she sent them shortly after they were received at Storage Equities last fall. She has also told me that it was her understanding that our firm would arrange for a defense to the lawsuit.
 "5. I do not recall being asked to arrange for a response to be filed to the lawsuit. However, there is no question that I received the pleadings at some point and that we did not contact local counsel to arrange to defend the action until we were notified on February 2, 1989 that Storage Equities had received in the mail a copy of a default judgment apparently entered on January 24, 1989."
This affidavit contains no evidence of bad faith or willful disregard for court rules. Rather, it is evidence that, as inIllinois Central Gulf, the failure of the appellants' attorney to answer constitutes excusable attorney neglect. Kidd has not made a substantial showing to the contrary that would support a finding of willful or bad faith failure to respond.
Upon reviewing the appellants' motion to set aside the default judgment, the brief in support of that motion, and the accompanying affidavits, this Court holds that the three-factor analysis of Kirtland has been satisfied. Therefore, we hold that the trial judge's denial of the appellants' Rule 55(c) motion to set aside the default judgment was an abuse of discretion. That judgment is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and ALMON, ADAMS, STEAGALL and INGRAM, JJ., concur.
[1] The trial court originally entered a default judgment in favor of Jack W. Kidd and against the appellants in the amount of $454,000. After a hearing on the appellants' post-judgment motion, the court set aside the original award and entered a corrected judgment of $226,050.14. This corrected judgment was certified as final under A.R.Civ.P. 54(b).
[2] The appellants are two of five buyers involved in the sale of these mini-warehouses. The remaining three buyers were also named as defendants in Kidd's complaint but were not parties to the note, and the trial court did not enter the default judgment against them.
[3] The note provided:
"As used in this Note, the term 'Qualifying Rentals' shall mean (i) rental from bona fide lessees which accrues during the period commencing May 1, 1986 and ending April 30, 1987, exclusive of any such rental not actually collected by May 31, 1987, (ii) late charges relating to rent becoming delinquent during the period commencing May 1, 1986 and ending April 30, 1987, and collected during the period commencing May 1, 1986 and ending May 31, 1987, and (iii) the amount of any tenant deposits applied during the period commencing May 1, 1986 and ending May 31, 1987, to rental which accrued during the period commencing May 1, 1986 and ending April 30, 1987. . . ."