THIGPEN, Judge.
The case involves post-judgment motions to set aside a default judgment.
*996 In September 1992, Lillie Smallwood (employee) filed a complaint seeking workmen’s compensation benefits, alleging that she had injured her back in September 1990, while working in the line and scope of her employment with Wayne Farms Division, Continental Grain Company (employer). The employee alleged that she had sustained a temporary total disability and a permanent partial disability as a result of the injury, and that the employer had refused to pay any benefits and medical expenses. The employer did not answer. In February 1995, the employee requested an entry of default against the employer because of its failure to answer the complaint. Subsequently, upon the employee’s motion and accompanying affidavit, the trial court entered a default judgment in favor of the employee on February 10, 1995.
On February 16, 1995, the employer filed a post-judgment motion seeking to have the default judgment set aside; in that pleading, the employer expressly asked consideration of the motion as one pursuant to Rule 55(c), A.R.Civ.P, and alternatively, as a motion pursuant to Rule 60(b), A.R.Civ.P. The employer alleged that the complaint had been misplaced during personnel changes and, in pertinent part, further alleged:
“5. At all times, Wayne Farms has had a meritorious defense against the [employ-eel’s claim which defenses include, but are not limited to the fact that the [employee] did not incur a work-related injury on or about September 19,199[0]; that any injury sustained by the [employee] on or about September 19, 1990 did not result in a permanent injury or permanent partial injury; that the [employee] did not provide notice to Wayne Farms Division, Continental G[r]ain Company; and that the [employee] has failed to meet her burden of proof on the issues of legal and medical causation. (Affidavit of Eddie Allen).
[[Image here]]
“7. Rules 55(c) and 60(b) of the Alabama Rules of Civil Procedure establish the standard for the trial court to utilize in determining whether to set aside a default judgment. In particular, Rule 60(b)(1) provides that a default judgment should be set aside for ‘mistake, inadvertence, surprise, or excusable neglect.’ The Alabama Supreme Court in Bailey Mortgage Co. v. Gobble-Fite Lumber Co., Inc., 565 So.2d 138 (Ala.1990) has specifically ruled that the grounds for ‘excusable neglect’ [include] misplacement of a summons and complaint by a defendant as well as the accidental loss of a summons and complaint by a claims adjuster or counsel. Bailey Mortgage Co. v. Gobble-Fite Lumber Co., Inc., 565 So.2d 138 (Ala.1990); Lee v. Martin, 533 So.2d 185 (Ala.1988)[;] Storage Equities, Inc. v. Kidd, 579 So.2d 605 (Ala.1991).
“8. In the instant action, the affidavit of Eddie Allen establishes that the reason why Wayne Farms Division, Continental Grain Company did not file an answer to the [employee]’s complaint was due to the fact that the complaint was misplaced. Pursuant to the Alabama Supreme Court’s decision in Bailey Mortgage Co. v. Gobble-Fite Lumber Co., Inc., supra, this occurrence constitutes ‘excusable neglect’ pursuant to Rule 60(b)(1) and justifies a setting aside of the default judgment entered in the instant action.”
The employer’s post-judgment motion pursuant to Rule 55(c), A.R.CÍV.P., was denied by operation of law on May 17, 1995. Rule 59.1, A.R.Civ.P. Approximately two weeks later, on May 30,1995, the trial court entered an order which granted the employer’s post-judgment motion pursuant to Rule 60(b), set aside the default judgment, and set a trial date.
Thereafter, the employer appealed, contending that the trial court erred in denying its post-judgment motion pursuant to Rule 55 to set aside the default judgment. The employer contends that the denial by operation of law on May 17, 1995, was a final appeal-able order requiring that it appeal in spite of the ruling entered on May 30,1995. Because of the peculiar procedural posture of this case, we must consider on appeal the validity of both orders.
The employer correctly argues that the trial court erred by failing to apply the three-factor analysis established by our Supreme Court for determining whether a de *997 fault judgment should be set aside. See Kirtland v. Fort Morgan Authority Sewer Service, Inc., 524 So.2d 600 (Ala.1988). That failure, the employer argues, resulted in the denial of its motion by operation of law. Rule 59.1, A.R.Civ.P.
In Kirtland, the court stated:
“Thus, we hold that a trial court’s broad discretionary authority under Rule 55(c) should not be exercised without considering the following three factors: 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.”
Kirtland, 524 So.2d at 605. (Citations omitted.) The Rule 55 motion in this case was automatically denied, and there is simply no indication in the record that the trial court implemented the clear guidelines enumerated in Kirtland.
The committee comments to Rule 55, AR.Civ.P., state that “a Rule 55(e) motion to set aside a default judgment can be ruled upon beyond the 30 days, but if not ruled upon within the 90 days allowed by Rule 59.1, [it] will be deemed denied at the end of the 90-day period.” See Wilson v. Wilson, 515 So.2d 5 (Ala.Civ.App.1987); see also Rule 59.1, A.R.Civ.P. Furthermore, the express consent of the parties is required to extend the time for ruling on a post-judgment motion, and this record contains no extension. Ex parte Sherer Timber Co., 612 So.2d 467 (Ala.1992). Therefore, the denial of the Rule 55 motion by operation of law is properly raised. Our review of the record leads to the conclusion that the trial court erred in denying the employer’s Rule 55 motion without applying the factors. That error would ordinarily require reversal. See Bailey Mortgage Co., 565 So.2d 138, and Kirtland, 524 So.2d 600. The trial court’s ruling on the employer’s Rule 60 motion, however, accomplishes the same purpose that reversal by this court would achieve; i.e., to set aside the default judgment and set this matter for trial. Therefore, in the interest of judicial economy, we now consider the validity of the employer’s Rule 60 motion, and the trial court’s determination on that motion.
We first note that the employer in the case sub judice is not attempting to avoid the strictures of Rule 59.1 by asking this court to treat a properly filed Rule 55 motion as a Rule 60(b) motion. See, for example, Sexton v. Prisock, 495 So.2d 581 (Ala.1986); Ex parte Adams, 534 So.2d 626 (Ala.Civ.App.1988); Ex parte Colonial Life & Accident Insurance Co., 410 So.2d 73 (Ala.Civ.App.1982); and Carnes v. Carnes, 365 So.2d 981 (Civ.App.1978), cert. denied, 365 So.2d 985 (Ala.1979).
The employer’s motion specifically asked for relief pursuant to Rule 55 or Rule 60, and enumerated specific grounds for relief in each of-the alternative theories. At most, the employer’s Rule 60 motion was filed prematurely, i.e., before there was a final judgment. While “the better practice is to file a Rule 60(b) motion only when there is a final judgment in the case,” the rules do not preclude alternative pleadings. Ex parte Vaughan, 539 So.2d 1060, 1061 (Ala.1989). The law is clear that the denial of the Rule 55 motion was a final judgment, and the appeal time on that judgment began to run. See Williams v. Colonial Bank, 626 So.2d 1247 (Ala.1993). Additionally, at that same time, the employer’s prematurely filed Rule 60(d) motion “quickened and became a pending motion ... without the necessity of a refiling.” Vaughn, 539 So.2d at 1061. At that time, the trial court “was free to consider the Rule 60(b) motion.” Ex parte Lang, 500 So.2d 3, 5 (Ala.1986).
Post-judgment motions pursuant to Rule 60, A.R.Civ.P., are not subject to the 90-day limitation. Rule 59.1, A.R.Civ.P. Pursuant to Rule 60(b), “the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect....” After considering the employer’s Rule 60(b) motion, we conclude that the trial court properly granted the motion, set aside the default judgment, and set the matter for further proceedings. (See discussion in Bailey Mortgage Co., 565 So.2d 138, wherein our Supreme Court accepted as a reasonable ex *998 planation for inaction that a complaint was misplaced due to inadvertence, mistake, or excusable neglect.)
The trial court’s order granting the employer’s Rule 60 motion and setting aside the default judgment, however, is an interlocutory order that merely sets a future date to proceed to trial. It is not an appealable order. In dismissing a proeedurally similar appeal, our Supreme Court stated:
“The decision to relieve a party from a judgment under [A.R.Civ.P] Rule 60(b) is largely discretionary, especially where a party seeks to have a default judgment set aside and to proceed to trial upon the merits. We do not reach the issue of whether the trial court abused its discretion, however, because an order granting a motion to set aside a default judgment and proceed to trial is interlocutory and not appealable.... The granting of a Rule 60(b) motion is generally interlocutory and not appealable.”
Fisher v. Bush, 377 So.2d 968, 968 (Ala.1979). (Citations omitted.) (Emphasis added.) See also Barnes v. George, 569 So.2d 382 (Ala.1990).
For the foregoing reasons, the appeal is due to be dismissed.
APPEAL DISMISSED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result.