Michael Calhoun, individually and doing business as Calhoun Construction, appeals from the trial court's denial of Calhoun's motion to set aside a default judgment entered in favor of the plaintiffs, Kim Bracknell and Brian Bracknell. We reverse and remand.
On December 15, 2006, the Bracknells sued Calhoun, alleging that Calhoun had breached a contract to perform work on the Bracknells' house. The record on appeal contains a copy of the summons indicating that Calhoun was served with the summons and complaint on December 23, 2006. The case-action summary indicates that Calhoun was served on December 23, 2006. Calhoun did not answer or otherwise respond to the complaint. On May 31, 2007, the Bracknells moved for a default judgment. On that same date, the trial-court clerk entered a default against Calhoun.
On July 17, 2007, Calhoun filed a motion to set aside the default. Calhoun supported his motion with a brief and his affidavit. On July 24, 2007, the trial court entered a default judgment against Calhoun in the amount of $18,679.82. On August 17, 2007, the trial court held a hearing on Calhoun's July 17, 2007, motion.[1] At the hearing, James Young, a deputy sheriff with the Mobile County Sheriffs Department, testified that he had served Calhoun with the summons and complaint on December 23, 2006. No other witnesses testified at the hearing. On October 2, 2007, the trial court denied Calhoun's motion to set aside the default judgment. Calhoun timely appealed.
On appeal, Calhoun argues that the trial court exceeded its discretion in failing to set aside the default judgment. InSampson v. Cansler, 726 So.2d 632, 633 (Ala. 1998), our supreme court stated:
 "In Kirtland v. Fort Morgan Auth. Sewer Serv., Inc., 524 So.2d 600 (Ala. 1988), this Court held that the trial court has broad discretion in determining whether to grant or to deny a defendant's motion to set aside a default judgment, but that that discretion is not *Page 904 
 boundless. The trial court must balance two competing policy interests associated with default judgments — judicial economy and the defendant's right to defend on the merits. Kirtland, 524 So.2d at 604. These interests must be balanced under the two-step process set out in Kirtland.
 "Under Kirtland, the trial court must first presume that cases should be decided on the merits whenever it is practicable to do so. This presumption exists because the right to have a trial on the merits ordinarily outweighs the need for judicial economy. Second, the trial court must apply a three-factor analysis in determining whether to set aside a default judgment: it must consider 1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant's own culpable conduct.' Kirtland, 524 So.2d at 605."
In Kirtland v. Fort Morgan Authority Sewer Service, Inc.,524 So.2d 600, 605 (Ala. 1988), our supreme court stated:
 "We . . . emphatically hold that a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, should exercise its broad discretionary powers with liberality and should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court."
 I. Whether Calhoun Has a Meritorious Defense "The defense proffered by the defaulting party must be of such merit as to induce the trial court reasonably to infer that allowing the defense to be litigated could foreseeably alter the outcome of the case. To be more precise, a defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury. . . .
 "The allegations set forth in the answer and in the motion must be more than mere bare legal conclusions without factual support; they must counter the cause of action averred in the complaint with specificity — namely, by setting forth relevant legal grounds substantiated by a credible factual basis. Such allegations would constitute a `plausible defense.'"
Kirtland, 524 So.2d at 606.
In his affidavit supporting the motion to set aside the default judgment, Calhoun testified, in pertinent part:
 "On or about January, 2006, I, d/b/a Calhoun Construction, entered into a written contract with [the] Bracknell[s] to perform certain repair work and improvements on their homeplace. The Bracknells had obtained insurance funds that were to be distributed by their mortgage company to pay for the repair work[,] and the mortgage company was to disburse money to them on an ongoing basis. [The Bracknells], in turn, were to pay me for said work as they received the funds. Once paid I would perform the repair work on the home-place until said funds were used[,] and then I would apply for another draw. In March of 2006 I applied for a draw[,] and [the Bracknells] could not produce the money[.] [A]t that time I was already owed $3,000.00 for work that I had already performed up to that time. I approached Kim Bracknell to be paid . . . the [$3,000] and to obtain another *Page 905 
draw for the next set of repairs. She told me that the mortgage company had not released the funds yet and that she could not pay. As I could not proceed on the Bracknell job[,] I went out of town on some other work. When I returned I found that [the Bracknells] had sent me the check for $3,000.00 but had not presented another payment for me to complete the job. Ms. Bracknell told me that the mortgage company had released $10,000.00 but that they had to use the money for something else and could not pay for additional work. I took another job. Ms. Bracknell began calling me about finishing her house and I told her that I could not do it as I had to finish the job I was on currently[.] It was not my fault or the person that I had the new contract with that the Bracknells could not pay for the house repair. I did . . . additional work on the Bracknell home on weekends until they owed me approximately $6,000.00 to $7,000.00. Mr. Bracknell did some work for me on another job which offset the amount they owed me."
In his affidavit, Calhoun asserts that his failure to perform some work on the Bracknells' house was due to the Bracknells' failure to compensate him. At the hearing on Calhoun's motion to set aside the default judgment, the trial court stated that Calhoun had a meritorious defense regarding the breach-of-contract claim. Also at that hearing, counsel for the Bracknells acknowledged that Calhoun had alleged facts in his affidavit that, if accepted by the trial court, presented a meritorious defense. In their brief, the Bracknells state that Calhoun "likely" has established a meritorious defense. The Bracknells' brief at 4. Considering the assertions in his affidavit, we conclude that Calhoun has established a meritorious defense regarding the Bracknells' breach-of-contract claim.
 II. Whether the Bracknells Will be Prejudiced
In Royal Insurance Co. of America v. Crowne Investments,Inc., 903 So.2d 802, 811 (Ala. 2004), our supreme court stated:
 "The second factor that a trial court must consider in ruling on a motion to set aside a default judgment is whether the plaintiff will be unfairly prejudiced if it grants the motion. Kirtland, 524 So.2d at 606-07. This prejudice cannot take the form of mere delay or increased costs, because those can be remedied by imposing additional costs on the defendant if the plaintiff later prevails. 524 So.2d at 607. Rather, the prejudice must be substantial, facilitating fraud or collusion, resulting in the loss of evidence, or hindering discovery. 524 So.2d at 607.
 "Although common sense dictates that a plaintiff is usually in a far better position to know what prejudice might befall him from the delay, and more importantly how substantial that prejudice would be, we have placed upon the defendant the initial burden of demonstrating that the plaintiff will not be substantially prejudiced. As we have stated:
 "`We hold that when a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. If the movant makes a prima facie showing that the plaintiff will not be unfairly prejudiced, the burden then shifts to the plaintiff to present facts showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside.'
 "Phillips v. Randolph, 828 So.2d 269, 278
(Ala. 2002). Additionally, a defendant cannot simply state that the plaintiff *Page 906 
will not be prejudiced if the motion to set aside the default judgment is granted. Phillips, 828 So.2d at 275."
In moving to set aside the default judgment, Calhoun asserted:
 "In this case the only parties to the contract were the individual parties in this suit. There are only the party witnesses and workers used by [Calhoun] to testify about the events leading up to the lawsuit. There is no lost evidence that would prejudice the [Bracknells] or lost witnesses. The parties each have their paperwork that refers to the contract. The facts presented in Michael Calhoun's affidavit demonstrate that there is no prejudice to require [the Bracknells] to present their claim in court.
 ". . . There is no prejudice to the [Bracknells] in setting aside the default. It should also be noted that even though [Calhoun] was allegedly served on December 23, 2006[,] the [Bracknells] did not take any other action regarding their case for a five month period."
We conclude that Calhoun has carried his initial burden of making a prima facie showing that the Bracknells will not be unfairly prejudiced if the default judgment is set aside. The burden then shifted to the Bracknells to present facts showing that they would be unfairly prejudiced if the default judgment is set aside. However, the Bracknells presented no facts to the trial court indicating that they would be unfairly prejudiced if the default judgment is set aside. Therefore, an analysis of the second Kirtland factor weighs in favor of setting aside the default judgment.
 III. Whether Calhoun's Conduct was Culpable "Conduct committed wilfully or in bad faith constitutes culpable conduct for purposes of determining whether a default judgment should be set aside. . . . Willful and bad faith conduct is conduct characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness. . . . Such conduct justifies a finding of culpability and thus militates against an exercise of discretion in favor of the defaulting party."
Kirtland, 524 So.2d at 607-08.
In his affidavit, Calhoun testified that he was unaware that he had been sued by the Bracknells until approximately July 11, 2007, roughly seven months after the complaint had been filed. However, the case-action summary and a copy of the summons indicate that Calhoun was served with the summons and complaint in December 2006. At the hearing, Deputy Sheriff Young testified that he had served Calhoun with the summons and complaint in December 2006. The trial court, in denying the motion to set aside the default judgment, did not explicitly find Calhoun to be culpable. Insofar as the trial court implicitly found Calhoun to be culpable, the trial court, without exceeding its discretion, could have found that Calhoun was culpable by intentionally failing to respond to the Bracknells' complaint. Accordingly, an analysis of the thirdKirtland factor weighs against setting aside the default judgment.
 IV. Balancing the Kirtland Factors "An analysis under the Kirtland factors is one requiring a balancing approach that weighs the factors against one another. Sumlin v. Sumlin, 931 So.2d 40, 45 (Ala.Civ.App. 2005). Also, all three factors must be considered, but there is no requirement that all three factors be resolved in favor of the movant in order to set aside a default judgment. Id." *Page 907 Fuller v. Fuller, 991 So.2d 285, 288
(Ala.Civ.App. 2008).
In this case, the first and second Kirtland factors weigh in favor of setting aside the default judgment: Calhoun has demonstrated that he has a meritorious defense and that the Bracknells will suffer no unfair prejudice if the motion to set aside the default judgment is granted. Only the thirdKirtland factor, whether Calhoun was culpable, tends to support the trial court's decision not to set aside the default judgment. Regarding the third Kirtland factor, the record contains evidence indicating that Calhoun intentionally failed to respond to the complaint. However, we note that
 "`"[our supreme court] has held that if there is a dispute as to liability and damages, even avoidance of service or ignoring service is not sufficient grounds for the trial court to refuse to set aside a default judgment. Rather, to deal with such situations, the trial court should impose costs on the defendants."'"
Sumlin v. Sumlin, 931 So.2d 40, 45 (Ala.Civ.App. 2005) (quoting Aldridge v. Hamilton, 708 So.2d 194, 196
(Ala.Civ.App. 1997), quoting in turn Rooney v. SouthernDependacare, Inc., 672 So.2d 1, 4 (Ala. 1995)) (emphasis omitted). As noted, "a trial court, in determining whether to grant or to deny a motion to set aside a default judgment, . . . should balance the equities of the case with a strong bias toward allowing the defendant to have his day in court."Kirtland, 524 So.2d at 605. Given the particular circumstances of this case, we conclude that the trial court exceeded its discretion in denying the motion to set aside the default judgment. We reverse the judgment, and we remand the case for proceedings consistent with this opinion. This holding pretermits discussion of the other issues raised by Calhoun.
REVERSED AND REMANDED.
PITTMAN, BRYAN, and MOORE, JJ., concur.
THOMPSON, P.J., and THOMAS, J., concur in the result, without writing.
[1] It appears that the trial court, after entering the July 24, 2007, default judgment, treated Calhoun's July 17, 2007, motion to set aside the May 31, 2007, default as a motion to set aside the default judgment. Further, Calhoun orally moved the trial court to set aside the default judgment at the August 17, 2007, hearing on his July 17, 2007, motion. Therefore, we refer to Calhoun's July 17, 2007, motion to set aside the default also as a "motion to set aside the default judgment."