THOMPSON, Presiding Judge.
 

 In June 2006, Deborah Stowe filed a complaint against Oden Music, Inc. (“Oden Music”), f/k/a JDO, Inc.,
 
 [1]
 
 and Jason D. Oden (“Oden”), seeking to recover damages on claims of breach of contract, negligence, fraud, and wrongful detention of certain property. In her complaint, Stowe alleged that the defendants had agreed to refinish and repair her antique furniture that was damaged as a result of a house fire. The defendants answered and denied liability.
 

 The record contains no indication of further activity in the litigation until early 2008, although the State Judicial Information System (“SJIS”) indicates that the case was scheduled for status-review hearings three times in 2007. In January 2008, Stowe filed a motion asking the trial court to schedule the action for a trial. On January 30, 2008, the trial court entered an order scheduling a trial in the matter for April 1, 2008; the order indicates that it was served on the attorneys of record for the parties.
 

 On March 7, 2008, the defendants’ attorney (“the defendants’ first attorney”) filed a motion to withdraw in which he stated that the Alabama State Bar had placed him on “disability-inactive status,” and that he was no longer authorized to practice law. The defendants’ first attorney explained that, as a result of the change in his status, he could no longer represent the defendants. The motion to withdraw did not contain any indication that the defendants’ first attorney had served the motion to withdraw on the defendants, his clients. However, also on March 7, 2008, the trial court granted the motion to withdraw, and a handwritten notation on that ruling indicates that the ruling was served on “Jason Oden, pro se.”
 

 As explained later in this opinion, a reference in the transcript of the trial indicates that Oden appeared, pro se, at the scheduled April 1, 2008, trial.
 
 [2]
 
 It appears that the trial court granted a continuance of the trial at that time in order to allow the defendants to obtain a new attorney.
 

 On April 7, 2008, Oden, purportedly on behalf of the defendants,
 
 [3]
 
 filed a motion to dismiss Stowe’s claims or, in the alternative, to compel arbitration. A handwritten notation on the motion dated June 23, 2008, states “motion denied”; that ruling was not entered on the SJIS.
 
 See
 
 Rule 58(c), Ala. R. Civ. P. (“An order or a
 
 *752
 
 judgment shall be deemed ‘entered’ within the meaning of these Rules and the Rules of Appellate Procedure as of the actual date of the input of the order or judgment into the State Judicial Information System.”). However, the entry of the final judgment in this matter constituted a denial of that motion.
 

 In support of their postjudgment motion, the defendants submitted a letter dated May 2, 2008, from their new attorney (“the defendants’ second attorney”) to the trial court. The May 2, 2008, letter, which was not filed separately in the trial court clerk’s office, indicated that it pertained to this litigation. In that letter, the defendants’ second attorney advised the trial court of a “conflict in [his] calendar.” In its judgment in this matter, the trial court acknowledged receiving that letter and stated that it had entered its May 21, 2008, order postponing the scheduled trial in response to that letter. On May 21, 2008, the trial court entered an order rescheduling the trial of the matter to June 23, 2008. That order indicates that it was served on Stowe’s attorney and on both defendants. At the time the trial court entered its May 21, 2008, order, the defendants’ second attorney had not filed his notice of appearance in the trial court.
 

 The trial court conducted the scheduled trial on June 23, 2008. Only Stowe and her attorney attended the trial; the defendants and their second attorney did not appear. The trial court received ore tenus evidence on Stowe’s claims against the defendants.
 

 On July 1, 2008, the trial court entered a default judgment in favor of Stowe, and it awarded her $22,000 in compensatory damages and $33,000 in punitive damages. The next day, July 2, 2008, the defendants’ second attorney filed his notice of appearance on behalf of the defendants. On July 25, 2008, the defendants filed a motion to set aside the default judgment pursuant to Rule 55(c), Ala. R.Civ. P. The trial court denied that motion without conducting a hearing, and the defendants timely appealed. The appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
 

 On appeal, the defendants contend that the trial court erred in refusing to grant their motion to set aside the default judgment. The trial court has broad discretion in ruling on a motion to set aside a default judgment.
 
 Zeller v. Bailey,
 
 950 So.2d 1149, 1152 (Ala.2006);
 
 Rudolph v. Philyaw,
 
 909 So.2d 200, 202 (Ala.Civ.App.2005). In determining whether to grant or deny a motion to set aside a default judgment, the trial court must first presume that the action should be resolved on the merits whenever practicable.
 
 Jones v. Hydro-Wave of Alabama, Inc.,
 
 524 So.2d 610, 613 (Ala.1988). That presumption must be balanced against the policy interest of promoting judicial economy.
 
 Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,
 
 524 So.2d 600, 604 (Ala.1988). In balancing those interests, the trial court should consider “1) whether the defendant has a meritorious defense; 2) whether the plaintiff will be unfairly prejudiced if the default judgment is set aside; and 3) whether the default judgment was a result of the defendant’s own culpable conduct.”
 
 Kirtland v. Fort Morgan Auth. Sewer Serv., Inc.,
 
 524 So.2d at 605.
 

 With regard to the first factor set forth in
 
 Kirtland,
 
 supra, the defendants have disputed the allegations that they breached the parties’ contract or made misrepresentations to Stowe, and they raised arguments pertaining to the timeliness of Stowe’s claims. The defendants have also contended that the parties resolved this dispute before Stowe filed her complaint. In addition, after the defendants’ first attorney withdrew, Oden,
 
 *753
 
 purportedly on behalf of both defendants, filed a pro se motion raising the issue whether the matter should be submitted to arbitration.
 
 [4]
 
 “[A] defaulting party has satisfactorily made a showing of a meritorious defense when allegations in an answer or in a motion to set aside the default judgment and its supporting affidavits, if proven at trial, would constitute a complete defense to the action, or when sufficient evidence has been adduced either by way of affidavit or by some other means to warrant submission of the case to the jury.”
 
 Kirtland,
 
 524 So.2d at 606. In other words, “ ‘[t]o meet this element, the appellants have the burden of satisfying the trial judge only that they are prepared to present a plausible defense, not that they would necessarily prevail at a trial on the merits.’”
 
 Phillips v. Randolph,
 
 828 So.2d 269, 274 (Ala.2002) (quoting
 
 Storage Equities, Inc. v. Kidd,
 
 579 So.2d 605, 607 (Ala.1991)). We conclude that the allegations and documents submitted by the defendants in support of their motion to set aside the default judgment were sufficient to demonstrate the existence of a plausible defense to the merits of Stowe’s claims against them.
 
 See Phillips v. Randolph,
 
 supra.
 

 We next address whether the defendants’ conduct leading to the entry of the default judgment was culpable. In the motion to set aside filed on behalf of the defendants, the defendants’ second attorney made a number of representations regarding the efforts he had made in representing the defendants in this litigation. The defendants’ second attorney represented to the trial court that he had forwarded a notice of appearance to the trial court clerk, although he did not state on what date he purportedly sent that notice of appearance or attach a copy of that purported notice to his motion to set aside the default judgment. Rather, he stated only that he “was under the mistaken belief’ that the notice of appearance had been filed and that he would receive notice of action taken in the litigation from the trial court clerk.
 

 The defendants blame Stowe’s attorney for not informing them of the scheduled trial date. In support of their motion to set aside the July 1, 2008, judgment, the defendants submitted correspondence between their second attorney and Stowe’s attorney. In a June 2, 2008, letter inquiring about the possibility of the parties’ settling their dispute, Stowe’s attorney indicated that the case was “set for trial in only a few weeks.” In a June 5, 2008, letter sent to Stowe’s attorney in response to the June 2, 2008, letter, the defendants’ second attorney inquired when the case was set for trial; the record does not indicate whether Stowe’s attorney responded to the June 5, 2008, letter. The defendants’ second attorney also alleged that he left two telephone messages for Stowe’s attorney inquiring about the date of the scheduled trial; he further alleged that Stowe’s attorney did not respond to those telephone messages.
 

 The defendants acknowledge that Oden left a telephone message for their second attorney to inform the attorney that Oden had received notice that a court date had been set. The defendants state that, in response to Oden’s message, their second attorney left a telephone message for Oden stating that he would check on the status of the case. However, in making their allegations concerning their second attorney’s attempts to check on the status of the litigation, the defendants cited only their second attorney’s attempts to contact Stowe’s attorney. The defendants did not attempt to explain why their second attor
 
 *754
 
 ney made no effort to contact the trial court or the trial court clerk concerning the information he had received that indicated that a trial date had been scheduled or to inquire why, when he says he believed himself to be the attorney of record, he had not received formal notice of the trial setting from the trial court clerk. We note that before this court, the defendants’ second attorney takes issue with whether he should be required or expected to register and pay for the Internet-based judicial-system notification service. Regardless, he ignores the fact that other methods of contacting the trial court clerk’s office to inquire as to the status of the action were available to him; those methods include personally visiting the trial court clerk’s office or making a telephone call to that office to inquire as to the status of the litigation.
 

 The defendants also contend that Stowe’s attorney somehow failed to accurately represent to the trial court his dealings with the defendants’ second attorney; they go so far as to allege that he “misrepresented to the trial court the representation of the undersigned!, i.e., the defendants’ second attorney].” The record does not support those allegations. At the beginning of the trial, the following exchange occurred between the trial court and Stowe’s attorney:
 

 “THE COURT: Deborah Stowe versus JDO, Inc., doing business as Jason Oden Music. Defendants were first represented by Brian Andrews. While Mr. Andrews withdrew on March the 7th of ‘08. We had one hearing where Defendant Mr. Jason Oden appeared. Case was continued. That must have been on April the 1st. So Mr. Oden got him an attorney. Who was the attorney, Mr. Copeland [Stowe’s attorney]?
 

 “MR. COPELAND: Your Honor, I was contacted by Frank Bailey out of Etowah County. Informed me he was going to represent Mr. Oden. We had correspondence on several occasions regarding this matter.
 

 “THE COURT: No attorney has filed a notice of appearance in this case. We had originally set this case for trial on May the 6th.[
 
 5
 
 ] On April the 9th, I had denied [Oden’s] motion for continuance. I think Mr. Copeland decided to let him have a continuance. So anyway, we reset this case today for June the 23rd. It is 1:45, according to the clock on the telephone. Neither of the Defendants nor Mr. Bailey is here. The notice in the court file said that JDO, Inc., and Jason Oden were given notice. Mr. Copeland is here. I assume Ms. Stowe is here.
 

 “MR. COPELAND: Correct, Your Honor.
 

 “THE COURT: Mr. Oden, when he was representing himself, had filed a motion to dismiss or in the alternative to compel arbitration. Defendant not being here to pursue that claim, I am going to deny that motion. You want to put any testimony on, Mr. Copeland?
 

 “MR. COPELAND: Yes, Your Hon- or. ...”
 

 The record and the representations the defendants have made to this court indicate that Stowe’s attorney accurately informed the trial court of his contacts with the defendants’ second attorney. Stowe’s attorney was under no duty to advocate on behalf of the defendants in this matter in the manner in which the defendants contend he should have.
 

 In denying the defendants’ motion to set aside the default judgment, the trial court made the following factual findings with
 
 *755
 
 regard to the issue of the culpability of the defendants’ conduct:
 

 “The Defendants, by counsel, filed their Motion to Vacate a Default Judgment which was entered by this court on July 1, 2008, at 08:37 a.m.
 

 “Mr. Bailey alleges that his Notice of Appearance
 
 never made it to the clerk’s office.
 
 In checking Alaeourt, the Court sees a Notice of Appearance sent to the clerk’s office via e-file on July 2, 2008, at 04:33 p.m., one day after the Judgment was entered.
 

 “The Court acknowledges that Mr. Bailey sent a conflict letter to the Court. The Court granted his [request for a] continuance with [Stowe’s attorney’s] consent.
 

 “Mr. Bailey failed to make contact with his client when alerted that a trial was scheduled. It is the Court’s opinion that it was not a requirement of [Stowe’s attorney] to contact Mr. Bailey with a trial date.
 

 “Mr. Bailey assumed that he would receive notice, automated or otherwise, of further settings in the case.
 

 “When alerted by his client of the impending trial, it would appear that Mr. Bailey could contact the clerk’s office or view Alaeourt via the Internet, in which he is registered.”
 

 (Emphasis in original.)
 

 In their brief on appeal, the defendants contend that the worst that can be said of their conduct, or that of their second attorney, was that it was negligent rather than culpable. The determination whether a defaulting party’s conduct is culpable is within the discretion of the trial court.
 
 Triple D Trucking, Inc. v. Tri Sands, Inc.,
 
 840 So.2d 869, 874-75 (Ala.2002);
 
 Phillips v. Randolph,
 
 828 So.2d at 279. In determining whether a defaulting party’s conduct is culpable, “[n]egligence by itself is insufficient.”
 
 Kirtland,
 
 524 So.2d at 607. This court has explained the nature of the conduct necessary to be deemed “culpable” under
 
 Kirtland,
 
 supra, as follows:
 

 “When considering whether to set aside a default judgment, a trial court must also consider whether the party against whom the default judgment was entered has committed culpable conduct warranting the denial of the Rule 55(c) motion.
 
 Kirtland,
 
 524 So.2d at 607-08. Mere negligence in the conduct of one’s legal affairs is not considered culpable conduct. Instead, culpable conduct is ‘[c]onduct committed willfully or in bad faith,’
 
 id.
 
 at 607, which the
 
 Kirtland
 
 court described as being ‘characterized by incessant and flagrant disrespect for court rules, deliberate and knowing disregard for judicial authority, or intentional nonresponsiveness.’
 
 Id.
 
 at 608. Utter disregard for court rules and judicial authority, said the
 
 Kirtland
 
 court, ‘justifies a finding of culpability and thus militates against an exercise of discretion in favor of the defaulting party.’
 
 Id.
 
 However, if a party has a ‘reasonable explanation for inaction,’ like a negligent failure to timely respond to a complaint or a lack of ability to understand the summons and complaint, the trial court may well find that the party’s conduct was not culpable.
 
 Id.”
 

 Moore v. Welch,
 
 29 So.3d 185, 192 (Ala.Civ.App.2009).
 

 In
 
 Triple D. Trucking, Inc.,
 
 supra, the defendants sought to set aside a default judgment entered against them after they had failed to appear for a scheduled trial on the merits; in their motion to set aside, the defendants alleged that they had been “ ‘mistaken and confused’ ” about the trial date. 840 So.2d at 874. In addressing the
 
 Kirtland
 
 factor of culpability, the defen
 
 *756
 
 dants claimed to have been confused with regard to the status of the case by a suggestion of bankruptcy filed by one of the defendants. In
 
 Triple D Trucking, Inc.,
 
 supra, the motion to withdraw filed by defendants’ attorney had been granted a month before the scheduled trial, but the attorney’s motion had stated that the defendants had been informed of the court date. Further, the defendants admitted receiving the trial court’s scheduling order. Our supreme court affirmed the denial of the motion to set aside the default judgment, concluding in relevant part that it could not “ascertain any fact in the record to support an inference that the defendants’ conduct was excusable negligence.”
 
 Triple D Trucking, Inc.,
 
 840 So.2d at 875.
 

 In this case, the defendants’ second attorney was apprised by both Stowe’s attorney and by Oden that the matter had been scheduled for trial. Oden received the scheduling order containing the scheduled trial date from the trial court; at that time, Oden was still listed as a pro se defendant and had no attorney of record because the trial court had not received the notice of appearance purportedly sent by the defendants’ second attorney and because the conflict letter the attorney sent the trial court was not filed in the trial court clerk’s office. Oden contacted the defendants’ second attorney concerning the trial court’s notification. However, even after this second notification of an impending trial, the defendants’ second attorney did not contact the trial court to ascertain the trial date.
 

 Our supreme court has explained “that, due to a trial judge’s superior vantage point, the trial court is the more suitable arbiter for determining with accuracy the culpability of the defaulting party’s conduct, and, for this reason, we will show great deference toward the trial court’s decisions with respect to such culpability.”
 
 Jones v. Hydro-Wave of Alabama, Inc.,
 
 524 So.2d at 616. In denying the defendants’ motion to set aside the default judgment, the trial court made a number of factual determinations indicating its conclusion that the conduct of the defendants, or their attorney, was culpable. This court might not have reached the same result as did the trial court, but we are unable to conclude that the trial court exceeded its discretion in resolving this issue against the defendants.
 
 Triple D Trucking, Inc.,
 
 supra.
 

 We last turn to a consideration of whether the nondefaulting party would be prejudiced by the setting aside of the default judgment for a trial on the merits.
 
 See Kirtland,
 
 supra. The prejudice to the nondefaulting party resulting from the setting aside of the judgment must be more than the mere delay caused by setting aside the judgment, i.e., it must be “substantial.”
 
 Kirtland,
 
 supra. The court in
 
 Kirtland
 
 pointed out that the delay resulting from setting aside a default judgment “frustrates or impedes a plaintiffs efforts to recover on his claim and causes him to incur additional costs” and that the that delay could “facilitate fraud and collusion, result in loss of evidence, and hinder discovery.”
 
 Kirtland,
 
 524 So.2d at 606-07. It is the burden of the defaulting party to demonstrate that those considerations would not work to prejudice the nonde-faulting party if the default judgment were set aside.
 
 Rudolph v. Philyaw,
 
 supra. This court has explained:
 

 “‘[W]hen a party files a motion to set aside a default judgment, the movant has the initial burden of making a prima facie showing that the plaintiff will not be unfairly prejudiced if the default judgment is set aside. If the movant makes a prima facie showing that the plaintiff will not be unfairly prejudiced, the burden then shifts to the plaintiff to
 
 *757
 
 present facts showing that the plaintiff will be unfairly prejudiced if the default judgment is set aside.’ ”
 

 Rudolph v. Philyaw,
 
 909 So.2d at 203 (quoting
 
 Phillips v. Randolph,
 
 828 So.2d at 278). In her brief submitted to this court, Stowe argues that the defendants failed to meet their initial burden of making a prima facie case that she would not be substantially prejudiced by setting aside the default judgment. We agree.
 

 In their motion to set aside the default judgment, the defendants alleged only that Stowe would suffer no prejudice. However, merely alleging that there would be no prejudice to the nondefaulting party by setting aside a default judgment is not sufficient to meet their prima facie burden of establishing a lack of prejudice to the nondefaulting party.
 
 Royal Ins. Co. of America v. Crowne Invs., Inc.,
 
 903 So.2d 802, 811 (Ala.2004);
 
 Phillips v. Randolph,
 
 supra; and
 
 Calhoun v. Bracknell,
 
 993 So.2d 902, 905-06 (Ala.Civ.App.2008).
 

 In
 
 Royal Insurance Co. of America v. Crowne Investments, Inc.,
 
 supra, during a hearing on the defaulting party’s motion to set aside the default judgment, the defaulting party’s attorney argued to the trial court that the various witnesses remained available, that photographic evidence was preserved, and that the records from which the plaintiffs could base their claims of loss of profits were still in existence. Our supreme court concluded that, in presenting that argument, the defaulting party had met its prima facie showing and that the burden had shifted to the nonde-faulting party to present evidence of substantial prejudice.
 
 Royal Ins. Co. of America v. Crowne Invs., Inc.,
 
 903 So.2d at 811-12.
 

 In
 
 Phillips v. Randolph,
 
 supra, the defaulting party alleged in his motion to set aside the default judgment only that the nondefaulting party would not be prejudiced. On appeal, the defaulting party contended only that the record did not demonstrate that prejudice would result from setting aside the default judgment. The supreme court concluded that the defaulting party had failed to show that the nondefaulting party would not be “unfairly prejudiced” by setting aside the default judgment.
 
 Phillips v. Randolph,
 
 828 So.2d at 278.
 

 In
 
 Calhoun v. Bracknell,
 
 supra, in his motion to set aside the default judgment, the defaulting party submitted to the trial court an affidavit in which he stated that no evidence had been lost, that no witnesses were unavailable, and that the parties each had his paperwork pertaining to the contract at issue. The trial court denied the motion to set aside the default judgment. On appeal, this court held that the defaulting party had made a prima facie showing that had shifted the burden to the nondefaulting parties to show that they would be prejudiced by setting aside the default judgment.
 
 Calhoun v. Bracknell,
 
 993 So.2d at 906.
 

 In
 
 Moore v. Welch,
 
 supra, the trial court, among other things, granted a motion to set aside a default judgment. On appeal, this court analyzed whether the trial court had exceeded its discretion in setting aside the default judgment when the defaulting parties had, in essence, merely alleged that the nondefaulting party would not suffer prejudice. In that case, this court concluded that the defaulting parties “could have better presented their argument that [the nondefaulting party] would not suffer substantial prejudice if the default judgment were set aside.” 28 So.3d at 758. However, citing the discretion afforded the trial court in ruling on a motion to set aside a default judgment, this court affirmed the trial court’s
 
 grant
 
 of the motion to set aside.
 
 Id. Moore v. Welch,
 
 supra, is distinguish
 
 *758
 
 able from this case because, in
 
 Moore v. Welch,
 
 we held that the trial court could properly exercise its discretion to
 
 grant
 
 a motion to set aside a default judgment even when the allegations pertaining to the prejudice to the nondefaulting party were meager.
 

 In this case, the defendants alleged only that Stowe would not be prejudiced by the delay caused by setting aside the default judgment. They presented no evidence, as did the defaulting party in
 
 Calhoun v. Bracknell,
 
 supra, with regard to the availability of witnesses or evidence, and they made no arguments with regard to those factors, as did the defaulting party in
 
 Royal Insurance Co. of America v. Crowne Investments, Inc.,
 
 supra. Thus, we must agree with Stowe’s argument to this court that the defendants failed to meet the burden our supreme court established in
 
 Phillips v. Randolph,
 
 supra, requiring that they make a prima facie showing that Stowe would not suffer substantial prejudice if the default judgment were set aside. Accordingly, the consideration of prejudice under
 
 Kirtland,
 
 supra, must be resolved against the defendants.
 

 In this case, the defendants demonstrated the existence of a meritorious defense, which is the first factor to be considered under
 
 Kirtland,
 
 supra. However, based upon our conclusions that the defendants failed to demonstrate the absence of substantial prejudice or culpable conduct, we cannot say that they have demonstrated that the trial court exceeded its discretion in denying their motion to set aside the default judgment based upon the second and third
 
 Kirtland
 
 factors.
 
 Phillips v. Randolph,
 
 supra;
 
 Triple D Trucking, Inc.,
 
 supra.
 

 The defendants also contend on appeal that the trial court erred in awarding punitive damages, and they argue that the trial court erred in allegedly refusing to conduct a hearing on the issue whether the punitive-damages award was excessive under
 
 Green Oil Co. v. Hornsby,
 
 539 So.2d 218 (Ala.1989). Stowe responds by correctly pointing out that the defendants failed to raise either of those arguments before the trial court. Stowe argues that those issues may not now be raised for the first time on appeal.
 
 Abbott v. Hurst,
 
 643 So.2d 589, 593 (Ala.1994) (An appellate court “will not consider an argument raised for the first time on appeal; its review is limited to evidence and arguments considered by the trial court.”).
 

 In
 
 Phillips v. Randolph,
 
 supra,
 
 our
 
 supreme court refused to address the issue whether a punitive-damages award in a default judgment was excessive because the defaulting party had failed to raise the issue before the trial court. Our supreme court explained:
 

 “Although Phillips argues, in his brief to this Court, that the trial court erred in not granting a hearing to determine if the punitive damages were excessive, in light of
 
 Hammond v. City of Gadsden,
 
 493 So.2d 1374 (Ala.1986), and
 
 Green Oil Co. v. Hornsby,
 
 539 So.2d 218 (Ala.1989), Phillips did not request that the trial court conduct a hearing on this issue. In
 
 Waldrip Wrecker Service, Inc. v. Wallace, 758
 
 So.2d 1110 (Ala.Civ.App.2000), the Court of Civil Appeals stated:
 

 “ ‘Waldrip failed to properly request a hearing on the issue of punitive damages. The trial court did not err in not holding a hearing, when none was requested. Waldrip’s final argument regarding the excessiveness of the punitive-damages award is, therefore, pretermitted because appellate courts generally do not address issues not decided by the trial court.’
 

 “758 So.2d at 1116.
 

 
 *759
 
 “See also
 
 Etherton v. City of Homewood,
 
 700 So.2d 1374, 1377-78 (Ala.1997), citing
 
 McWhorter v. Clark,
 
 342 So.2d 903 (Ala.1977), and quoting
 
 Bevill v. Owen,
 
 364 So.2d 1201, 1203 (Ala.1979), for the proposition that ‘ “[i]t is a fundamental rule of appellate procedure that, regardless of [the] merits of [the] appellant’s contentions, appellate courts will not review questions not decided by the trial court.” ’ ”
 

 Phillips v. Randolph,
 
 828 So.2d at 279-80.
 

 The defendants mentioned the issue of punitive damages in their motion to set aside the default judgment, but their arguments were asserted only in the context of demonstrating that they had a meritorious defense to Stowe’s claims against them. In their motion to set aside the default judgment, the defendants did not take issue with the damages award, nor did they request a hearing on the reasonableness of the punitive-damages award. Thus, we agree with Stowe that this court may not address those issues for the first time on appeal.
 
 Phillips v. Randolph,
 
 828 So.2d at 279-80.
 

 The defendants have failed to demonstrate error on appeal. The appellee’s request for an award of an attorney fee on appeal is denied.
 

 AFFIRMED.
 

 PITTMAN, BRYAN, and THOMAS, JJ., concur.
 

 MOORE, J., dissents, without writing.
 

 [1]
 

 . In her complaint, Stowe designated this defendant as “JDO, Inc., d/b/a Oden Music Co., Inc."
 

 [2]
 

 . Oden could represent only himself pro se; he could not represent Oden Music.
 
 Stage Door Dev., Inc. v. Broadcast Music, Inc.,
 
 698 So.2d 787, 787 (Ala.Civ.App.1997) (“One who is not an attorney may not appear as an advocate on behalf of a corporation, even one he wholly owns, without engaging in the unauthorized practice of law.”).
 

 [3]
 

 .See note 2, supra.
 

 [4]
 

 . We make no determination whether the arbitration defense was timely asserted.
 

 [5]
 

 . No order setting the case for trial on May 6, 2008, is contained in the record on appeal.